By the Court.
 

 Relator predicates his right to a writ of mandamus upon Section 13, Article IV of the Constitution of Ohio, which reads:
 

 “In case the office of any judge shall become vacant, before the expiration of the regular term for which he was elected, the vacancy shall be filled by appointment by the Governor, until a successor is elected and qualified; and such successor shall be elected for the unexpired term, at the first annual election that occurs more than thirty days after the vacancy shall have happened.”
 

 The respondents contend that an election to fill a vacancy in the office of municipal judge is controlled by Section 1, Article XVII of the Constitution of Ohio, which provides:
 

 “Elections for state and county officers shall be held on the first Tuesday after the first Monday in November in the even-numbered years; and all elections for all other elective officers shall be held on the first Tuesday after the first Monday in November in the odd-numbered years.
 
 ’ ’
 

 The respondents urge also that by virtue of Section 1 of Article IV of the Constitution, which authorizes the establishment of courts inferior to the Court of Appeals,, the General Assembly when creating the Municipal Court of Youngstown was empowered to enact Section 1579-174, General Code, which reads as follows:
 

 “Whenever there shall be a vacancy in the office of any of the judges of the Municipal Court created by this act, the same shall be filled by appointment by the Governor, until a successor is elected and qualified. Every such vacancy shall be filled by election at the
 
 *313
 
 first municipal and township election taking place more than thirty days after the vacancy shall have occurred. The person elected shall fill the office for the unexpired term. ’ ’ .
 

 Under Section 1 of Article XVII of the Constitution, elections for only state and county officers shall be held in the even-numbered years, and since a municipal judge is neither a state nor county officer the board of elections will not be required by a writ of mandamus to place the name of relator on the ballot at the November election of this year.
 

 Writ denied.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.