[Cite as *State ex rel. Whitehead v. Sandusky Cty. Bd. of Commrs.*, 133 Ohio St.3d 561, 2012-Ohio-4837.]

THE STATE EX REL. WHITEHEAD ET AL., APPELLANTS, *v.* SANDUSKY COUNTY

BOARD OF COMMISSIONERS ET AL., APPELLEES.

[Cite as *State ex rel. Whitehead v. Sandusky Cty. Bd. of Commrs.*,

**133 Ohio St.3d 561, 2012-Ohio-4837.]**

*Judicial offices—Legislative appointments unconstitutional—One-year term unconstitutional—Legislative creation and abolishment of courts— Severability of legislation—2012 Am.Sub.H.B. No. 509 unconstitutional insofar as it affects Sandusky County Court—Writ of mandamus to conduct election.*

(No. 2012-1666—Submitted October 16, 2012—Decided October 18, 2012.)

APPEAL from the Court of Appeals for Sandusky County,

No. S-12-022, 2012-Ohio-4484.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment granting a writ of mandamus to compel appellees, the Sandusky County Board of Commissioners and the Sandusky County Board of Elections, to hold a special election before January 1, 2013, to elect a judge for the newly created Sandusky Municipal Court, for a one-year term to commence on that date and with an election for a full six-year term to be held in November 2013. Because the court of appeals erred in granting the writ of mandamus to compel the special election, we reverse the judgment of the court of appeals in that regard and grant a writ of mandamus to compel the board of elections to accept the filed petitions and conduct the November 6, 2012 election for the judges of the Sandusky County Court. We affirm the judgment of the court of appeals insofar as the court held that a portion of the pertinent legislation is unconstitutional, but hold that the unconstitutional portion of the

statute may not be properly severed. We also affirm the judgment of the court of appeals that appellants are not entitled to a writ of prohibition and that appellants are not entitled to an award of attorney fees.

**Facts**

{¶ 2} The Sandusky County Court comprises two districts, which are referred to as Sandusky County Court District No. 1, based in Clyde, and Sandusky County Court District No. 2, based in Woodville.[1] http://www.sandusky-county.org/Clerk/County%20Courts. These districts have part-time judges, R.C. 1907.11(A), with Judge John P. Kolesar serving in District No. 1 and Judge Herbert Adams serving in District No. 2. *See* http://www.sandusky-county.org/Elected%20Officials/County%20Courts/default. asp. Judge Adams has reached the age of 70, and under the Ohio Constitution, Article IV, Section 6(C),[2] he cannot be reelected or reappointed judge. The judges are serving six-year terms, R.C. 1907.13, which are scheduled to expire in the absence of the legislation challenged here on December 31, 2012, and January 1, 2013. Former R.C. 1907.11(A), 2010 Sub.H.B. No. 338.

{¶ 3} In June 2012, the General Assembly enacted 2012 Am.Sub.H.B. No. 509 ("H.B. 509"), which abolishes the Sandusky County Court and establishes the Sandusky County Municipal Court effective January 1, 2013. R.C. 1907.11(A) ("Until December 31, 2006, in the Sandusky county county court, two part-time judges shall be elected in 1994, terms to commence on January 1, 1995, and January 2, 1995, respectively. The judges elected in 2006 shall serve until December 31, 2012. The Sandusky county county court shall cease to exist on January 1, 2013"); R.C. 1901.01(H) ("Effective January 1, 2013, there is hereby

---

1. Although the parties refer to the court as the "Sandusky County Court," it is referred to in the pertinent legislation as the "Sandusky county county court." *E.g.,* R.C. 1907.11(A).

2. This section provides, "No person shall be elected or appointed to any judicial office if on or before the day when he shall assume the office and enter upon the discharge of its duties he shall have attained the age of seventy years."

established a municipal court within Sandusky county in any municipal corporation or unincorporated territory within Sandusky county, except the municipal corporations of Bellevue and Fremont and Ballville, Sandusky, and York townships, that is selected by the legislative authority of that court"); R.C. 1901.02(A)(30) ("The municipal court established within Sandusky county in any municipal corporation or unincorporated territory within Sandusky county, except the municipal corporations of Bellevue and Fremont and Ballville, Sandusky, and York townships, that is selected by the legislative authority of that court and that, beginning January 1, 2013, shall be styled and known as the 'Sandusky county municipal court' "); and R.C. 1901.02(B) ("Beginning January 1, 2013, the Sandusky county municipal court has jurisdiction within all of Sandusky county except within the municipal corporations of Bellevue and Fremont and Ballville, Sandusky, and York townships").

{¶ 4} H.B. 509 further amended R.C. 1901.08 to specify that the part-time judges of the Sandusky County Court will serve as part-time judges of the new Sandusky County Municipal Court for a one-year term when the new court is established and the old court is abolished effective January 1, 2013, and that the six-year term for the new full-time municipal court judgeship will be decided at an election held in 2013:

> In the Sandusky county municipal court, one full-time judge shall be elected in 2013. Beginning on January 1, 2013, the two part-time judges of the Sandusky county county court that existed prior to that date shall serve as part-time judges of the Sandusky county municipal court until December 31, 2013. If either judgeship becomes vacant before January 1, 2014, that judgeship is abolished on the date it becomes vacant, and the person who holds the other judgeship shall serve as the full-time

judge of the Sandusky county municipal court until December 31, 2013.

{¶ 5} The effective date of H.B. 509 was September 28, 2012.

{¶ 6} On July 10, 2012, appellants, Roy Whitehead, Michael Benton, Gregory S. Gerwin, and Richard A. Harman, filed a complaint in prohibition and mandamus and for a declaratory judgment in an expedited election matter in the Court of Appeals for Sandusky County. Appellants are Sandusky County taxpayers and are the chiefs of police and mayors of Woodville and Gibsonburg, which are within the territorial jurisdiction of both the existing county court and the municipal court established by H.B. 509.

{¶ 7} Appellants sought a declaratory judgment holding H.B. 509 to be unconstitutional, a writ of prohibition to prevent appellee Sandusky County Board of Commissioners from expending funds for the municipal court created by H.B. 509, and a writ of mandamus to order appellee Sandusky County Board of Elections to accept petitions for the office of judge of the Sandusky County Court and to hold an election in November 2012, which is the regular election cycle for the county court.

{¶ 8} After the court of appeals granted an alternative writ and ordered appellees to file a response to appellants' complaint, appellants filed a motion for summary judgment in which they introduced evidence that three candidates had submitted petitions to run for the two judicial seats for the Sandusky County Court. Judge Kolesar submitted a petition for the District No. 1 seat that he currently occupies, and Beth Tischler and Mary Beth Fiser submitted petitions to run for the District No. 2 seat currently occupied by Judge Adams. The board of elections rejected all of the petitions, presumably because of H.B. 509.

{¶ 9} Following the submission of briefs pursuant to an expedited schedule, on September 27, the court of appeals declared that the amendment in

H.B. 509 (R.C. 1901.08) providing for the one-year appointment of the two existing, part-time county court judges to the newly created municipal court on January 1, 2013 is unconstitutional because it provides for the legislative appointment of the judges to the new judgeship.

{¶ 10} The court determined that the unconstitutional amendment to R.C. 1901.08 is severable from the constitutional amendments to R.C. 1907.11(A) abolishing the Sandusky County Court and to R.C. 1901.01 and 1901.02 creating the Sandusky County Municipal Court. The court also determined that the unconstitutional portion of R.C. 1901.08 providing for the one-year appointment of the county court judges to the municipal court is severable from the constitutional portion of the statute providing for a 2013 election for the one full-time judge of the municipal court.

{¶ 11} For its remedy, the court of appeals granted a writ of mandamus to compel the board of elections and the board of commissioners to hold a special election prior to January 1, 2013, to elect one full-time judge for the first year of the newly created municipal court, with an election for a full six-year term to be held in November 2013. The court of appeals also denied appellants' request for attorney fees.

{¶ 12} Five days later, on October 2, appellants filed this appeal. The next day, this court granted appellants' request for an expedited briefing schedule and invited the attorney general to file a brief expressing his views. 133 Ohio St.3d 1405, 2012-Ohio-4560, 975 N.E.2d 1024. The court later granted appellants' motion for a stay of the court of appeals' judgment ordering the special election pending the court's resolution of this appeal. 133 Ohio St.3d 1407, 2012-Ohio-4662, 975 N.E.2d 1027.

{¶ 13} The parties submitted briefs, and the attorney general declined the court's invitation to submit a brief. This cause is now before the court for our consideration of the merits.

## Analysis

### *Preliminary Matters*

{¶ 14} Initially, we have jurisdiction to address the merits of this appeal even though the court of appeals did not expressly rule on appellants' prohibition claim. The judgment of the court of appeals fully complied with R.C. 2505.02 and Civ.R. 54(B) notwithstanding its failure to specifically address appellants' prohibition claim. The judgment granting the writ of mandamus affected a substantial right and determined the action. R.C. 2505.02(B)(1). Appellants sought the writ of prohibition to prevent the board of commissioners from spending funds for personnel for the newly created Sandusky County Municipal Court. By granting a writ of mandamus to compel the board of elections and the board of commissioners to conduct a special election to elect a judge for the new municipal court for a one-year term commencing on January 1, 2013, the court of appeals in effect denied or rendered moot appellants' prohibition claim because it recognized the viability of the municipal court and its associated funding. And " 'even though all the claims or parties are not expressly adjudicated by the trial court, if the effect of the judgment as to some of the claims is to render moot the remaining claims or parties, then compliance with Civ.R. 54(B) is not required to make the judgment final and appealable.' " *State ex rel. A & D Ltd. Partnership v. Keefe*, 77 Ohio St.3d 50, 57, 671 N.E.2d 13 (1996), quoting *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21, 540 N.E.2d 266 (1989).

{¶ 15} Further, appellants' claims are not barred by laches, as appellees suggest. Appellees waived this claim because they did not file a cross-appeal from the court of appeals' judgment raising laches, and they admitted in their answer filed below that appellants acted with the utmost diligence in filing their case.

{¶ 16} The court of appeals also properly denied appellants' claim for a writ of prohibition to prevent the board of commissioners from expending funds on personnel working for the Sandusky County Municipal Court created by H.B.

509. Appellants did not establish that the board of county commissioners either exercised or is about to exercise judicial or quasi-judicial power when it appropriates funding for the new municipal court. *See State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 23.

{¶ 17} Moreover, insofar as appellants' request could be considered a request for a prohibitory injunction rather than a claim for a writ of prohibition, courts of appeals lack original jurisdiction in prohibitory injunction. *State ex rel. Chattams v. Pater*, 131 Ohio St.3d 119, 2012-Ohio-55, 961 N.E.2d 186.

{¶ 18} Therefore, the court of appeals did not err by in effect denying appellants' request for a writ of prohibition.

*Mandamus: Appellants' Constitutional Claim*

{¶ 19} In their complaint in the court of appeals, appellants requested a declaratory judgment that H.B. 509 is unconstitutional. "[N]either this court nor the court of appeals has original jurisdiction over claims for declaratory judgment." *State ex rel. Ministerial Day Care Assn. v. Zelman,* 100 Ohio St.3d 347, 2003-Ohio-6447, 800 N.E.2d 21, ¶ 22.

{¶ 20} Nevertheless, it is appropriate for the court to consider the propriety of appellants' constitutional claim concerning H.B. 509 in the context of their mandamus claim because an action for a declaratory judgment would not be sufficiently speedy in this expedited election case. *See generally State ex rel. Watson v. Hamilton Cty. Bd. of Elections*, 88 Ohio St.3d 239, 242, 725 N.E.2d 255 (2000).

{¶ 21} Therefore, we must first determine whether—as the court of appeals held—H.B. 509, insofar as it appoints two judges from the Sandusky County Court to a one-year term on the newly created Sandusky County Municipal Court beginning on January 1, 2013, is unconstitutional. R.C. 1901.08 is unconstitutional because the General Assembly does not have power to appoint

judges under the Ohio Constitution. *Kovachy v. Cleveland*, 166 Ohio St. 388, 389, 143 N.E.2d 579 (1957).

{¶ 22} In addition, R.C. 1901.08 is unconstitutional because the judges of the county court were never elected to serve on the municipal court. The General Assembly has a constitutional duty to provide for the election of a judge upon its creation of any additional court. Ohio Constitution, Article IV, Section 6(A)(4) ("Terms of office of all judges shall begin on the days fixed by law, and laws shall be enacted to prescribe the times and mode of their election"); *Ex Parte Logan Branch of State Bank of Ohio*, 1 Ohio St. 432, 434 (1853) ("it is perfectly clear that, upon the creation of any additional court by the Legislature, the judicial officer must be elected, as such, by the electors of the district for which such court is created; and it is not within the competency of the Legislature to clothe with judicial power any officer or person, not elected as a judge").

{¶ 23} Finally, this statute is also unconstitutional because it provides a one-year term for the first judges on the municipal court. *See* Ohio Constitution, Article XVII, Section 1 ("The term of office of all judges shall be as provided in Article IV of this constitution or, if not so provided, an even number of years not exceeding six as provided by law").

{¶ 24} Therefore, the court of appeals properly determined that appellants had met their burden of establishing that H.B. 509 is, in part, unconstitutional.

*Mandamus: Court of Appeals' Remedy*

{¶ 25} The court of appeals granted a writ of mandamus to compel appellees, the board of elections and the board of commissioners, to hold a special election prior to January 1, 2013, to elect a judge for the newly created municipal court. Appellants claim that the court of appeals erred in ordering this special election and that the court should have granted their requested writ of mandamus to compel the appellees to conduct an election for the two county court part-time judgeships for the six-year terms beginning on January 1 and 2, 2013.

**{¶ 26}** To be entitled to the requested extraordinary relief in mandamus, appellants must establish a clear legal right to the requested relief, a corresponding clear legal duty on the part of appellees to provide it, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Because of the proximity of the expiration of the terms of the current judges of the Sandusky County Court and any election necessary to elect judges to new terms on that court, appellants lack an adequate remedy in the ordinary course of law. *Id.*

**{¶ 27}** For the remaining requirements, appellants claim that because H.B. 509 is unconstitutional and the pertinent constitutional portions of it cannot be severed, the board of elections and the board of commissioners have a clear legal duty under the preexisting law to conduct elections for the next six-year terms of the two part-time judges of the county court, beginning on January 1 and 2, 2013. We agree.

**{¶ 28}** "When this court holds that a statute is unconstitutional, severance may be appropriate. * * * Severance is suitable, however, only where it satisfies our well-established standard." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 94; *see also* R.C. 1.50. Under the applicable three-part test, the court must answer the following questions:

> "(1) Are the constitutional and the unconstitutional parts capable of separation so that each may be read and may stand by itself? (2) Is the unconstitutional part so connected with the general scope of the whole as to make it impossible to give effect to the apparent intention of the Legislature if the clause or part is stricken out? (3) Is the insertion of words or terms necessary in order to separate the constitutional part from the unconstitutional part, and to give effect to the former only?"

*Geiger v. Geiger*, 117 Ohio St. 451, 466, 160 N.E. 28 (1927), quoting *State v. Bickford*, 28 N.D. 36, 147 N.W. 407 (1913), paragraph nineteen of the syllabus.

{¶ 29} The court of appeals determined that the portion of R.C. 1901.08 appointing the existing county court part-time judges to a one-year term as judges of the newly created municipal court was unconstitutional but severable from the remaining amended provisions in H.B. 509. We disagree.

{¶ 30} The court of appeals' remedy fails for several reasons. First, the special election ordered is not included in H.B. 509, and courts are forbidden to add a nonexistent provision to the plain language of legislation. *State ex rel. Steffen v. Court of Appeals, First Appellate Dist.*, 126 Ohio St.3d 405, 2010-Ohio-2430, 934 N.E.2d 906, ¶ 26 ("we are forbidden to add a nonexistent provision to the plain language of [a statute]").

{¶ 31} Second, courts cannot create the legal duty that is enforceable in mandamus; the creation of this duty is a legislative and not a judicial function. *State ex rel. Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 30, and cases cited therein.

{¶ 32} Third, in applying the third prong of the severance test, the court cannot add language to the challenged legislation to sever the constitutional part from the unconstitutional part. *See Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 98 (in severing a portion of the felony-sentencing provisions to save the constitutional part, the court emphasized that "[w]e add no language, and the vast majority of S.B. 2, which is capable of being read and of standing alone, is left in place"); *State ex rel. Maurer v. Sheward*, 71 Ohio St.3d 513, 524, 644 N.E.2d 369 (1994) (court excised unconstitutional portion of statute affecting governor's powers of commutations and reprieves, but retained provisions concerning governor's power to pardon after determining that the court "need not add any other language in order to give effect to its regulatory scheme").

**{¶ 33}** Finally, the court of appeals' special election for a one-year term violates the Ohio Constitution, Article XVII, Section 1, which requires that if a term of office for a judge is not provided in Article IV, the term shall be for "an even number of years not exceeding six."

*Application of* Geiger

**{¶ 34}** Applying the *Geiger* tripartite severance test, we must first determine whether the constitutional and unconstitutional parts of H.B. 509 relating to the Sandusky County Court and the Sandusky County Municipal Court are capable of separation. The pertinent unconstitutional parts of the legislation involve the appointment of the county court judges to act as municipal court judges for 2013. The General Assembly is authorized to abolish nonconstitutional inferior courts like the Sandusky County Court and to create the Sandusky County Municipal Court. *See* Ohio Constitution, Article IV, Section 1. The General Assembly is also authorized to require a November 2013 election for judge of the newly created municipal court as set forth in amended R.C. 1901.08. *See* Ohio Constitution, Article XVII, Section 1 ("Elections for state and county officers shall be held on the first Tuesday after the first Monday in November in even numbered years; *and all elections for all other elective officers shall be held on the first Tuesday after the first Monday in November in the odd numbered years*" [emphasis added]); *State ex rel. Higley v. Shale*, 137 Ohio St. 311, 313, 29 N.E.2d 214 (1940) (municipal court judge is not a state or county officer for purposes of Article XVII, Section 1); R.C. 1901.06 ("the first election of any newly created office of a municipal judge shall be held at the next regular municipal election occurring not less than one hundred days after the creation of the office"); R.C. 3501.01(B) (" 'Regular municipal election' means the election held on the first Tuesday after the first Monday in November in each odd-numbered year"); *see also* R.C. 1901.08 (setting elections in specific odd-numbered years for municipal courts).

**{¶ 35}** Nevertheless, after excision of the January 1, 2013 date for abolishing the Sandusky County Court and creating the Sandusky County Municipal Court and the provision that the county court judges serve as judges of the municipal court in 2013, the remainder of the amended statutes cannot stand by themselves.

**{¶ 36}** Appellees suggest that simply replacing the January 2013 date with January 2014 would allow the statutes to stand. Although "the institution of a new municipal court shall take place on the first day of January next after the first election for the court" under R.C. 1901.06 and the November 2013 election is specified in amended R.C. 1901.08, the statutes do not specify January 1, 2014, as the date of the court's establishment. With the phrase "January 1, 2013," excised from the amended R.C. 1907.11(A), leaving the mere statement that "[t]he Sandusky county county court shall cease to exist," there is no existing statutory provision that would supply the date of January 1, 2014, as the end date for the existing county court.

**{¶ 37}** For the second part of the severance test, the unconstitutional part of H.B. 509 relating to Sandusky County is so connected to the general scope of that county's entire legislation as to make it impossible to give effect to the apparent intention of the General Assembly if that part is stricken. The preeminent intent of the General Assembly in enacting this legislation is to abolish the Sandusky County Court and its part-time judges and to replace it with the newly created Sandusky County Municipal Court and its full-time judge *on the specified date of January 1, 2013*. To substitute January 1, 2014, as the applicable date contravenes that manifest intent.

**{¶ 38}** Finally, severance fails to satisfy the third part of the test. Much like the court of appeals' remedy, the remedy advocated by appellees adds language to the statute. We cannot replace the statutory language and hold that severance is appropriate.

**{¶ 39}** This result is supported by precedent. In *Franklin Cty. Bd. of Elections v. State ex rel. Schneider*, 128 Ohio St. 273, 191 N.E. 115 (1934), we affirmed a judgment granting a writ of mandamus to compel a board of elections and its members to hold a regular election for county recorder for a two-year term in light of the unconstitutionality of a statute that extended the term of incumbent recorders for two years with four-year terms thereafter. Although the latter provision for county recorders to be elected to four-year terms was constitutional by itself, because it was inseparably connected with the unconstitutional two-year unelected extension of incumbent county recorders' original two-year terms, the entirety of the amendments fell:

> If it were not for the fact that the two sections when considered together do away with the election of 1934, tenable argument could be advanced favoring the constitutionality of section 2750, General Code; but the sections are so 'inseparably connected' that both must fall, and the repealing section must fall with them.

*Id.* at 294.

**{¶ 40}** Similarly, although the portion of H.B. 509 abolishing the Sandusky County Court and replacing it with the Sandusky County Municipal Court after an election for judge of the municipal court at the regular municipal election in November 2013 would be constitutional, that portion of the enactment is inseparably connected to the unconstitutional part of H.B. 509 specifying the date of January 1, 2013, as the date that the municipal court will replace the county court and further legislatively appointing the two judges of the county court to serve a one-year term as judges of the newly created municipal court in 2013.

**{¶ 41}** Therefore, the entire part of H.B. 509 addressing the abolition of the Sandusky County Court and its replacement with the newly created Sandusky County Municipal Court is inseparable into constitutional and unconstitutional parts and must be stricken as unconstitutional. But the General Assembly is free to revisit this issue and to enact a new act to validly abolish the county court and to replace it with the municipal court on January 1, 2014. *See, e.g., Schneider*, at paragraph five of the syllabus ("An act of the General Assembly, which was unconstitutional at the time of enactment, can be revivified only by reenactment"); *Geisinger v. Cook*, 52 Ohio St.2d 51, 57, 369 N.E.2d 477 (1977) ("If the court is properly abolished by the General Assembly, the term of one holding the office of judge of that court is terminated"); *Greene v. Cuyahoga Cty.*, 195 Ohio App.3d 768, 2011-Ohio-5493, 961 N.E.2d 1171, ¶ 35-38 (power to abolish an office is as unrestricted as the power to create an office, and an office can be abolished midterm).

**{¶ 42}** Thus, the Sandusky County Court remains in existence, and appellants are entitled to a writ of mandamus to compel the regularly scheduled election on November 6, 2012, for the part-time judges of the two districts for the specified six-year terms. *See* R.C. 1907.13 ("Judges shall be elected by the electors of the county court district at the general election in even-numbered years as set forth in section 1907.11 of the Revised Code for a term of six years commencing on the first day of January following the election for the county court").

**{¶ 43}** Therefore, the court of appeals erred in ordering a special election for a one-year term for the newly created municipal court and in not granting a writ of mandamus ordering the board of elections to conduct the regular November 6, 2012 election for the Sandusky County Court. H.B. 509, insofar as it addresses the abolition of the Sandusky County Court and its replacement by the newly created Sandusky County Municipal Court on January 1, 2013, is

unconstitutional, and the constitutional part is inseparable from the unconstitutional part.

*Attorney Fees*

**{¶ 44}** The court of appeals did not err in denying appellants' request for attorney fees under R.C. 309.13 and 2335.39.

**{¶ 45}** The civil action contemplated by R.C. 309.12 and 309.13 is one in prohibitory injunction, which that court lacks original jurisdiction to consider. *See Chattams*, 131 Ohio St.3d 119, 2012-Ohio-55, 961 N.E.2d 186; *State ex rel. Stamps v. Automatic Data Processing Bd. of Montgomery Cty.*, 42 Ohio St.3d 164, 538 N.E.2d 105 (1989) (court denied writ of mandamus brought as an R.C. 309.13 taxpayer action because it sought to enjoin conduct). And the court of appeals in effect denied appellants' sole preventive claim that it had original jurisdiction to consider—their claim for a writ of prohibition to prevent the board of commissioners' expenditure of funds for the newly created municipal court.

**{¶ 46}** Appellants are also not entitled to an award of attorney fees under R.C. 2335.39, which is inapplicable to mandamus actions. *State ex rel. Ohio Liberty Council v. Brunner*, 126 Ohio St.3d 1510, 2010-Ohio-3331, 930 N.E.2d 330; *State ex rel. Myles v. Brunner*, 120 Ohio St.3d 1413, 2008-Ohio-6166, 897 N.E.2d 650.

**Conclusion**

**{¶ 47}** Based on the foregoing, the court of appeals correctly held that H.B. 509 is unconstitutional insofar as it appoints judges of the Sandusky County Court to the newly created Sandusky County Municipal Court for 2013. The court of appeals erred, however, in granting a writ of mandamus to compel appellees to conduct a special election for judge of the Sandusky County Municipal Court for a one-year term in 2013. Appellants have established their entitlement to a writ of mandamus to compel appellees to conduct the November 6, 2012 election for the two part-time judgeships for the Sandusky County Court.

{¶ 48} Therefore, we reverse the judgment of the court of appeals insofar as it grants a writ of mandamus to compel a special election for judge of the municipal court for the one-year term commencing January 1, 2013. We grant a writ of mandamus to compel the board of elections to accept the filed candidate petitions for the two offices of judge of the Sandusky County Court and to conduct the November 6, 2012 election for the county court. Finally, we affirm the judgment denying appellants' requests for a writ of prohibition and for attorney fees.

Judgment accordingly.

PFEIFER, Acting C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, McGEE BROWN, and SUNDERMANN, JJ., concur.

O'CONNOR, C.J., not participating.

J. HOWARD SUNDERMANN JR., J., of the First Appellate District, sitting for O'CONNOR, C.J.

_____

Mayle, Ray & Mayle, L.L.C., Andrew R. Mayle, Jeremiah S. Ray, and Ronald J. Mayle, for appellants.

Russell V. Leffler, Huron County Prosecuting Attorney, for appellees.

_____