The STATE of Ohio, Appellee,

v.

WOLF, Appellant.

[Cite as *State v. Wolf* (1996), 111 Ohio App.3d 774.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 95–CO–47.

Decided June 19, 1996.

· *Charles Payne,* East Liverpool Law Director, and *Thomas D. Dawson,* Assistant Law Director, for appellee.

*E. Winther McCroom,* for appellant.

Cox, Judge.

This matter presents a timely appeal from a jury verdict of the East Liverpool Municipal Court, Columbiana County, Ohio, finding defendant-appellant, Richard K. Wolf, guilty of disturbing a lawful meeting in violation of R.C. 2917.12(A)(1) and obstructing official business in violation of R.C. 2921.31(A), along with his subsequent sentencing thereon.

On May, 18, 1995, appellant attended the monthly meeting of the East Liverpool Board of Health. At this particular meeting, appellant took issue with the fact that the board of health permitted one Dr. Sowinski to be seated at the board meeting table. Apparently, Dr. Sowinski was neither a resident nor an employee of the city of East Liverpool, but, rather, represented the interests of WTI on the issue of the city's hazardous waste incinerator. After the meeting was called to order and although asked to return to his seat with the general public, appellant stated that if Dr. Sowinski was going to sit at the board meeting table, he was going to do the same.

As a result of appellant's conduct, the police were summoned. Prior to their arrival and without proper permission, appellant recited a prepared statement that basically explained that while he did not intend to be disruptive, appellant felt that in allowing Dr. Sowinski to remain at the board meeting table, the board was improperly portraying Dr. Sowinski as having some official capacity and/or special standing. Appellant refused to leave after being asked to do so several times by police officers and was therefore arrested for obstructing official business in violation of R.C. 2921.31(A) and disturbing a lawful meeting in violation of R.C. 2917.12(A)(1).

This matter proceeded to jury trial on July 12, 1995 and appellant was ultimately found guilty on both charges. He was sentenced to ten days' incarceration, eight days of which were suspended, ordered to pay $861 in fines and costs, and was placed on one-year unsupervised probation with regard to the charge for obstructing official business. Appellant was also concurrently sentenced to ten

days' incarceration, eight days of which were suspended, consecutively ordered to pay $123 in fines and costs, and was placed on one-year unsupervised probation with regard to the charge for disturbing a lawful meeting.

Appellant sets forth three assignments of error on appeal.

Appellant's first assignment of error alleges:

"The trial court committed error prejudicial to the rights of the defendant by refusing to grant defendant a judgment of acquittal at the conclusion of the state's presentation of evidence."

Appellant states that both at the close of appellee state of Ohio's case and at the close of his own case, he moved the trial court for a judgment of acquittal pursuant to Crim.R. 29, but both motions were overruled. Appellant complains that appellee did not present sufficient evidence to sustain a conviction under R.C. 2917.12(A)(1) and, by failing to grant his motion for a judgment of acquittal, the trial court violated his constitutional right to freedom of expression.

Appellant contends that his conduct represented constitutionally protected free speech that R.C. 2917.12 was never intended to cover and cites *State v. Schwing* (1975), 42 Ohio St.2d 295, 71 O.O.2d 288, 328 N.E.2d 379, in support. Appellant further cites *State v. Brand* (1981), 2 Ohio App.3d 460, 2 OBR 556, 442 N.E.2d 805, wherein the court stated that R.C. 2917.12(A)(1) is not overbroad when it is construed to remove all threat to constitutionally protected expression, and it does not violate free speech rights.

Appellant concludes that the trial court committed error prejudicial to his constitutional rights to free speech and due process of law when it failed to grant his motion for judgment of acquittal.

Crim.R. 29(A) states:

"The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."

The court in *State v. Wolfe* (1988), 51 Ohio App.3d 215, 555 N.E.2d 689, held that a trial court's denial of a motion for acquittal is proper if the evidence is such that reasonable minds could reach different conclusions whether each material element of a crime had been proven beyond a reasonable doubt.

The evidence presented at trial demonstrated that although requested by the chairman of the board of health to vacate the board meeting table and return to sit with the general public, appellant refused to do so. After the police were summoned and while awaiting their arrival, appellant proceeded to read a prepared statement. R.C. 2917.12 states:

"(A) No person, with purpose to prevent or disrupt a lawful meeting, procession, or gathering, shall do either of the following:

"(1) Do any act which obstructs or interferes with the due conduct of such meeting, procession, or gathering[.]"

■ When viewing the facts herein in a light most favorable to the state, reasonable minds could have reached different conclusions whether each element of R.C. 2917.12(A)(1) had been proven beyond a reasonable doubt. Appellant's reliance on *Schwing, supra,* is misplaced, as such case discussed the constitutionality of former R.C. 3761.11, which contained different wording and which was repealed in 1974. Further, the facts in *Brand, supra,* are not analogous to those in this matter, as such case involved the shouting of comments from the audience while a public official was attempting to speak; whereas in the case at bar, appellant staged his own personal sit-in, and his conduct clearly interfered with the ability of the East Liverpool Board of Health to assemble and conduct business.

The trial court did not err in overruling appellant's motion for a judgment of acquittal with regard to the charge of disturbing a lawful meeting.

Appellant's first assignment of error is found to be without merit.

■ Appellant's second assignment of error alleges:

"The trial court committed prejudicial error in (A) refusing to instruct the jury that in order to find the defendant guilty under R.C. 2917.12 they must find that the defendant substantially interfered with the due conduct of a lawful meeting and (B) by failing to define the term 'substantial' herein."

Appellant argues that the trial court's jury instructions failed to make reference to any limitation by which the jury should be bound in distinguishing between constitutionally protected freedom-of-speech rights and unprotected interruptions/disturbances that substantially impinge upon the right of assembly. Appellant proposes that without a jury instruction to explain that such interference must be substantial, R.C. 2917.12 is unconstitutionally vague and overbroad.

Appellant cites *Brand, supra,* wherein the court stated at paragraph two of the syllabus:

"The term 'substantial' as incorporated in R.C. 2917.12(A)(1) by *State v. Schwing* * * *, means major, consequential, effective or significant; it means that the offending act is of considerable quantity or dimension, or of solid effect. The statute applies to conduct that brings the meeting to an early termination or that effectively impairs, interferes with or obstructs the due conduct of the meeting in a major, consequential, significant or considerable manner."

Appellant concludes that by refusing to instruct the jury in such a manner as to limit R.C. 2917.12 to only substantial interruptions/disturbances, the trial court deprived him of his right to due process of law.

R.C. 2917.12(A)(1) does not contain the term "substantial," and therefore it was not necessary for the trial court to instruct the jury on the definition of the term or on any limitation of the statute in relation to the term. In *State v. Loudermill* (1965), 2 Ohio St.2d 79, 31 O.O.2d 60, 206 N.E.2d 198, the Ohio Supreme Court held that the evidence, as well as the law, governs the charge of the trial court in a criminal case, and the charge must be consistent with the evidence. Neither the facts herein nor the applicable law called for the jury to be instructed on the definition of the term "substantial" and, therefore, the trial court did not err in its jury instructions.

Appellant's second assignment of error is found to be without merit.

■ Appellant's third assignment of error alleges:

"The trial court committed error prejudicial to the defendant's right to due process of law and equal protection of the law by failing to grant defendant's motion for judgment of acquittal as to the charge of obstructing official duty and R.C. 2921.31(A) at the end of the evidence."

As previously stated, appellant moved the trial court for a judgment of acquittal both at the close of appellee's case and at the close of his own case. Appellant believes that the trial court erred in overruling these motions, as the evidence which appellee relied upon failed to justify sending the charge brought pursuant to R.C. 2921.31(A) to the jury as a matter of law.

R.C. 2921.31(A) provides:

"No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties."

Appellant states that based upon the testimony of the arresting officer, Thomas Hildebrand, it is clear that he was arrested for a violation of R.C. 2921.31(A) as a result of his refusal to remove himself from the meeting room as requested. Appellant maintains that R.C. 2921.31(A) requires the doing of some act, but does not make the omission to act a violation of law. Appellant submits that pursuant to the holding and rationale in *Dayton v. Rogers* (1979), 60 Ohio St.2d 162, 14 O.O.3d 403, 398 N.E.2d 781, he was under no legal obligation to respond to Officer Hildebrand's request to remove himself from the meeting room, as he was not violating any law by simply sitting there. Appellant concludes that he did not interfere with Officer Hildebrand's official duties in any way by remaining seated

at the board meeting table and, therefore, the trial court erred in failing to grant his motion for a judgment of acquittal with regard to the charge against him for obstructing official business.

Appellant assumes that Officer Hildebrand was the public official whose performance of duty was obstructed; however, the term "public official" is defined at R.C. 2921.01(A) as "any elected or appointed officer, or employee, or agent of the state or any political subdivision, whether in a temporary or permanent capacity, and including without limitation legislators, judges, and law enforcement officers."

Appellant's refusal to leave the meeting room when asked to do so by both the chairman of the board of health and by Officer Hildebrand did prevent, obstruct, and/or delay both individuals from the performance of their lawful duties. The "act" in question herein was appellant's initial act of sitting at the meeting table where the board of health sat, coupled with his refusal to remove himself when asked to do so. Based on the facts presented herein, the trial court did not err in overruling appellant's motion for judgment of acquittal with regard to the charge of obstructing official business.

Appellant's third assignment of error is found to be without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

O'NEILL, P.J., and GENE DONOFRIO, J., concur.