[Cite as *State v. Bradford*, 2013-Ohio-480.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                          :
                                        :
    Plaintiff-Appellee,             :     Case No. 11CA928
                                        :
    vs.                             :
                                        :
                                        :     <u>DECISION AND JUDGMENT</u>
CHAD BRADFORD,                          :     <u>ENTRY</u>
                                        :
    Defendant-Appellant.            :     **Released: 02/08/13**

<u>APPEARANCES</u>:

Timothy Young, Ohio State Public Defender, and Kristopher A. Haines, Ohio State Assistant Public Defender, Columbus, Ohio, for Appellant.

C. David Kelley, Adams County Prosecutor, and Kris D. Blanton, Assistant Adams County Prosecutor, West Union, Ohio, for Appellee.

McFarland, P.J.:

{¶1} Chad Bradford appeals his conviction in the Adams County Court of Common Pleas after a jury found him guilty of bribery, in violation of R.C. 2921.02(D). Bradford raises three assignments of error, arguing 1) the evidence was insufficient to convict him of bribery because he was never subpoenaed or sworn as a witness, 2) the trial court committed plain error when it failed to properly instruct the jury; and, 3) trial counsel rendered ineffective assistance of counsel when it failed to object to the erroneous jury instructions. After viewing the evidence in a light most favorable to the prosecution, we conclude that any

rational trier of fact could have found the essential elements of the crime of bribery proven beyond a reasonable doubt. As such, Appellant's first assignment of error is overruled. Further, having found no plain error with respect to the trial court's provision of jury instructions, Appellant's second assignment of error is overruled. Finally, having failed to find plain error in the provision of jury instructions, we cannot conclude that trial counsel's failure to object to the instructions constituted ineffective assistance of counsel. Thus, Appellant's third assignment of error is overruled.

{¶2} Having found no merit to the assignments of error raised by Appellant, we affirm the decision of the trial court.

FACTS

{¶3} Bradford's nephew, Terry "Shay" Morgan, stabbed Bradford several times during an altercation, requiring Bradford be transported to Cincinnati, Ohio for emergency medical treatment. Once the hospital released Bradford, he spoke with Shay's fiancée. She relayed to Bradford that Shay's father may be willing to pay Bradford to not attend a grand jury hearing against Shay. Shay's fiancée acted as a conduit between the two, who determined that for $1,000, Bradford would not attend the hearing and would not testify against Shay.

{¶4} Shay's father testified he did not initially offer money in exchange for Bradford's silence; he had made a joke about it, yet Shay's fiancée relayed the

statement to Bradford, who interpreted it as a serious offer. Shay's father contacted the Winchester Police Department once Bradford decided he would accept $1,000 in order to not testify against Shay.

{¶5} The Winchester Police Department, along with Chief Caudill, set up a sting. They gave Shay's father $500 to give to Bradford, and outfitted his truck with audio and video surveillance. The money had been photographed beforehand in order to track the serial numbers.

{¶6} Bradford subsequently met with Shay's father in his truck. The two discussed the transaction, whereby Shay's father would give Bradford $500 before he was scheduled to testify against Shay and $500 afterward, assuming Bradford had actually not appeared at the hearing.

{¶7} The men met two days later and Shay's father gave Bradford $500 the day before Bradford was to testify against Shay. Immediately after that transaction, Chief Caudill and other law enforcement arrested Bradford for bribery.

{¶8} Bradford proceeded to trial. At trial, Shay's fiancée, Shay's father, and Chief Caudill testified. No one mentioned whether Bradford had ever been subpoenaed as a witness, and no one testified that Bradford had been sworn as a witness in any proceeding. At the close of the state's case in chief, Bradford made a Crim.R. 29 motion for acquittal without argument; the state opposed the motion, but also gave no argument.

{¶9} The trial court went through the elements of bribery, under R.C. 2912.02(D), and noted what evidence the state had produced regarding each element. Specifically, the court noted, "the defendant had been subpoenaed to testify at the grand jury on the 27th." (Tr. at 423.) Then, it stated, "[I]f the trier-of-fact, being the jury, believes uh, the substance of the- uh, uh, of the content of the State's Exhibits '1' and '2,' [the video surveillance recordings] uh, then there appears to be some acknowledgement by uh, the defendant that he was aware that he was uh, subpoenaed and/or sworn as a witness in this case, being subpoenaed." (Tr. at 423-424.)

{¶10} Thus, the trial court overruled Bradford's motion for acquittal and counsel proceeded to closing arguments. The jury convicted Bradford of bribery and the court sentenced him to four years of incarceration. Bradford now appeals.

## ASSIGNMENTS OF ERROR

I. "The trial court violated [Appellant's] rights to due process and a fair trial when, in the absence of sufficient evidence, the trial court convicted [Appellant] of bribery under R.C. 2921.02(D), in violation of his Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution."

II. "The trial court committed plain error when it failed to properly instruct the jury regarding its deliberations, in violation of [Appellant's] Fifth, Sixth,

and Fourteenth Amendment rights under the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution.

III. "Trial counsel rendered ineffective assistance of counsel in violation of [Appellant's] Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution.

ASSIGNMENT OF ERROR I

A. Standard of Review

{¶11} In his first assignment of error, Appellant contends that the trial court violated his rights to due process and a fair trial when, in the absence of sufficient evidence, the trial court convicted him of bribery under R.C. 2921.02(D), in violation of his Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution.

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most

favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph two of the syllabus (1991) (superseded by statute and constitutional amendment on other grounds).

{¶12} This test raises a question of law and does not allow the appellate court to weigh the evidence. *State v. Osman,* 4th Dist. No. 09CA36, 2011-Ohio-4626, at ¶ 39. A sufficiency of the evidence challenge tests whether the state's case is legally adequate to go to a jury in that it contains prima facie evidence of all of the elements of the charged offense. *See Portsmouth v. Wrage,* 4th Dist. No. 08CA3237, 2009-Ohio-3390, at ¶ 36.

{¶13} A conviction that is based on legally insufficient evidence constitutes a denial of due process. *See State v. Thompkins* (1997), 78 Ohio St.3d 380, 386-87, 678 N.E.2d 541. And "the Double Jeopardy Clause precludes retrial once the reviewing court has found the evidence legally insufficient to support a conviction." (Internal quotation marks omitted.) *Tibbs v. Florida*, 457 U.S. 31, 40-41, 102 S.Ct. 2211, (1982); *see also Thompkins* at 387.

## B. Legal Analysis

{¶14} "No person, either before or after he is subpoenaed or sworn as a witness, shall knowingly solicit or accept for himself or another person any valuable thing or valuable benefit to corrupt or improperly influence him with respect to his testimony in an official proceeding."  R.C. 2921.02(D).

> Venerable principles of statutory construction require that in construing statutes, we must give effect to every word and clause in the statute. *Boley v. Goodyear Tire & Rubber Co.,* 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448, ¶ 21.  We must 'read words and phrases in context and construe them in accordance with rules of grammar and common usage,' *State ex rel. Russell v. Thornton,* 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 11, and we may not restrict, constrict, qualify, narrow, enlarge, or abridge the General Assembly's wording, *Weaver v. Edwin Shaw Hosp*., 104 Ohio St.3d 390, 2004-Ohio-6549, 819 N.E.2d 1079, ¶ 13, quoting *Wachendorf v. Shaver,* 149 Ohio St. 231, 78 N.E.2d 370 (1948), paragraph five of the syllabus. Instead, we must accord significance and effect to every

word, phrase, sentence, and part of the statute, *id.,* and abstain from inserting words where words were not placed by the General Assembly, *Cassels,* 69 Ohio St.3d at 220, 631 N.E.2d 150, citing *State v. S.R.,* 63 Ohio St.3d 590, 594-595, 589 N.E.2d 1319 (1992).

'No part [of the statute] should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative.' *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.,* 95 Ohio St. 367, 373, 116 N.E. 516 (1917). 'Statutes must be construed, if possible, to operate sensibly and not to accomplish foolish results.' *State ex rel. Saltsman v. Burton,* 154 Ohio St. 262, 268, 95 N.E.2d 377 (1950).

When we conclude that a statute's language is clear and unambiguous, we apply the statute as written, *Cheap Escape Co., Inc. v. Haddox, L.L.C.,* 120 Ohio St.3d 493, 2008-Ohio-6323, 900 N.E.2d 601, ¶ 9, giving effect to its plain meaning, *Slingluff v. Weaver,* 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph two of the

syllabus.  *State ex rel. Carna v. Teays Valley Local School Dist. Bd. of Edn.*, 131 Ohio St.3d 478, 2012-Ohio-1484, 967 N.E.2d 193, at ¶ 18-20.

{¶15} Applying the statute as written, we conclude that the plain language of the statute "either before or after he is subpoenaed or sworn as a witness," contemplates that the crime of bribery can be completed at any time, such as before a subpoena is served.  Here, a review of the record reveals that Bradford accepted money in exchange for agreeing not to testify at a grand jury proceeding.  In our view, at that point, the crime of bribery under R.C. 2921.02(D) was complete.

{¶16} Additionally, in our view, subpoenaing or swearing a defendant as a witness is not a necessary element of bribery under R.C. 2921.02(D).  Construing R.C. 2921.02(D) to require the formality of serving Bradford with a subpoena before the state could obtain a conviction produces an absurd result.  "Furthermore, '[w]e must * * * construe statutes to avoid unreasonable or absurd results.'" *State v. Marshall*, 4th Dist. No. 09CA13, 2010-Ohio-1958, ¶ 54; quoting *State ex rel. Cincinnati Post v. Cincinnati*, 76 Ohio St.3d 540, 543, 668 N.E.2d 903 (1996); see also *State v. Coleman*, 4th Dist. No. 00CA010, 2001 WL 315046, *3 (March 27, 2001) ("A court cannot presume that the legislature intended to enact a law which produces unreasonable or absurd results. * * * A court must construe the statute so

as to avoid such an unreasonable result if the language of the statute fairly permits.").

{¶17} Thus, based upon a plain reading of the statute, which is unambiguous, we find the state's case was legally adequate to go to a jury in that it contained prima facie evidence of all of the elements of the charged offense. Further, after viewing the evidence in a light most favorable to the prosecution, we conclude that any rational trier of fact could have found the essential elements of the crime of bribery proven beyond a reasonable doubt. Thus, Appellant's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

### A. Standard of Review

{¶18} In his second assignment of error, Appellant contends that the trial court committed plain error when it failed to properly instruct the jury regarding its deliberations, in violation of Appellant's Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution. Appellee responds by arguing that the trial court did not err in its instructions to the jury, and that Appellant has failed to prove that the jury was misled by any jury instruction.

{¶19} Under Crim.R. 30(A) "a party may not assign as error the giving or failure to give any instruction unless the party objects before the jury retires to

consider its verdict, stating specifically the matter objected to and the grounds of the objection." When a party fails to properly object, then the party waives all but plain error. See *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 51; *State v. Underwood*, 3 Ohio St.3d 12, 444 N.E.2d 1332, syllabus (1983). In the case at bar, it is undisputed that Bradford failed to object to the trial court's instruction to the jury regarding bribery. Thus, except for plain error, Bradford has waived this issue.

{¶20} Plain error exists when the error is plain or obvious and when the error "affect[s] substantial rights." Crim.R. 52(B). The error affects substantial rights when " 'but for the error, the outcome of the trial [proceeding] clearly would have been otherwise.' " *State v. Litreal*, 170 Ohio App.3d 670, 2006-Ohio-5416, 868 N.E.2d 1018, ¶ 11; quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240. Courts ordinarily should take notice of plain error "with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, ¶ 78; *State v. Patterson*, 4th Dist. No. 05CA16, 2006-Ohio-1902, ¶ 13. A reviewing court should consider noticing plain error only if the error " ' "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." ' " *Barnes* at 27; quoting *United States v. Olano*, 507 U.S. 725, 736,

113 S.Ct. 1770, (1993); quoting *United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, (1936). In the case sub judice, we do not believe that plain error exists.

{¶21} Generally, a trial court has broad discretion to decide how to fashion jury instructions. The trial court must not, however, fail to "fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." *State v. Comen*, 50 Ohio St.3d 206, 553 N.E.2d 640 (1990), paragraph two of the syllabus. Additionally, a trial court may not omit a requested instruction, if such instruction is " 'a correct, pertinent statement of the law and [is] appropriate to the facts * * *.' " *State v. Lessin*, 67 Ohio St.3d 487, 493, 620 N.E.2d 72 (1993); quoting *State v. Nelson*, 36 Ohio St.2d 79, 303 N.E.2d 865 (1973), paragraph one of the syllabus.

{¶22} "In examining errors in a jury instruction, a reviewing court must consider the jury charge as a whole and 'must determine whether the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights.' " *Kokitka v. Ford Motor Co*., 73 Ohio St.3d 89, 93, 652 N.E.2d 671 (1995), quoting *Becker v. Lake Cty. Mem. Hosp. W.*, 53 Ohio St.3d 202, 208, 560 N.E.2d 165 (1990). Whether the jury instructions correctly state the law is a question of law which we review de novo. *State v. Neptune*, 4th Dist. No. 99CA25, 2000 WL 502830 (Apr. 21, 2000).

B. Legal Analysis

{¶23} In the case sub judice, Appellant specifically argues that the trial court erred "when it failed to properly instruct the jury regarding its consideration of the statutory elements of bribery under R.C. 2921.02(D)[,]" and that the trial court's "deficient instructions regarding the jury's duty to consider the statutory elements of the indicted robbery offense amounted to obvious error which led directly to [Appellant's] conviction[.]"  The pattern Ohio Jury Instruction for the offense of bribery reads as follows:

"1.  The defendant is charged with bribery.  Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about the _____ day of _____, and in _____ County, Ohio, the defendant

* * *

(D)  knowingly (solicited) (accepted) for (himself/herself) (another person) any valuable (thing) (benefit) to corrupt or improperly influence the defendant with respect to his/her testimony in (describe official proceeding), either before or after the defendant was subpoenaed or sworn as a witness."

The instruction goes on to provide or reference definitions for the words "purposely," "corrupt," "public servant," "party official," "knowingly," "solicited," "official proceeding," "conclusion," and "conclusion with lesser included offense."

{¶24} A review of the record reveals that the trial court instructed the jury as follows:

> "Now, defendant is charged with – in Count I with Bribery. Before you can find the defendant guilty of Bribery, you must find beyond a reasonable doubt that on or about August the 26th, 2010, in Adams County, Ohio, the defendant, Chad Bradford, either before or after he is subpoenaed or sworn as a witness, did knowingly solicit or accept for him, or another person, a valuable thing or val – valuable be – benefit to corrupt or improperly influence him with respect to his testimony in an official proceeding."

The trial court then went to provide definitions for several terms, including "bribery," "knowingly," "solicit," "corrupt," "improper," "influence," and "official proceeding." The trial court defined the term "bribery" as "[t]he corrupt payment, receipt, or solicitation of a private favor for official action." This term is not separately defined in the pattern jury instructions for the offense of bribery.

{¶24} Comparing the two instructions, it is clear that they are not identical. In particular, the instruction provided by the trial court did not include the phrase

"either before or after the defendant was subpoenaed or sworn as a witness."  It is this omission that Appellant contends was in error, as well as the second definition of bribery provided to the jury by the trial court.  However, "[a]lthough appellant cites the pattern jury instructions to support his argument, those instructions are not binding upon this court."  *State v. Bundy*, -- N.E.2d --, 2012-Ohio-3934, ¶ 53; citing *State v. Nucklos*, 171 Ohio App.3d 38, 2007-Ohio-1025, 869 N.E.2d 674, ¶ 57 (stating that the Ohio jury instruction handbook is "a respected and authoritative source of the law, but it is merely a product of the Ohio Judicial Conference and not binding on the courts").

{¶25} Further, in light of our disposition of Appellant's first assignment of error, wherein we reasoned that "construing R.C. 2921.02(D) to require the formality of serving Bradford with a subpoena before the state could obtain a conviction produces an absurd result," we conclude that the trial court's failure to include the phrase "either before or after the defendant was subpoenaed or sworn as a witness," did not affect the outcome of the proceedings.  Thus, this omission does not rise to the level of plain error.

{¶26} Additionally, Appellant argues that the trial court erred in providing the second definition of bribery, which is not contained in the pattern jury instruction, and also erred in failing to recap its instruction with the proviso that if the jury found that the State failed to prove beyond a reasonable doubt any one of

the essential elements of the offense, it was required to return a verdict of not guilty. After reviewing the second definition provided by the trial court, we conclude that although it was not identical, it was not inconsistent with the statutory definition of bribery, and thus, would not have been misleading to the jury. Further, considering the trial court's initial admonition to the jury that before it could find the defendant guilty of bribery it must find beyond a reasonable doubt the elements of the offense, which it then set forth, we find no error, let alone plain error, in the trial court's failure to advise the jury that it must return a not guilty verdict if it concluded that the State failed to prove any of the essential elements of the offense beyond a reasonable doubt. Thus, having found the arguments raised under this assignment of error to be without merit, Appellant's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

### A. Standard of Review

{¶26} In his third assignment of error, Appellant contends that his trial counsel rendered ineffective assistance of counsel when he failed to object to the trial court's erroneous, prejudicial instructions to the jury. Criminal defendants have a constitutional right to counsel, and this right includes the right to effective assistance from trial counsel. *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441 (1970); *In re C.C.*, 4th Dist. No. 10CA44, 2011-Ohio-1879, ¶ 10. To establish

ineffective assistance of counsel, a defendant must show (1) his counsel's performance was deficient, and (2) such deficient performance prejudiced the defense and deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984); see also *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 200.

{¶27} Both prongs of the *Strickland* test need not be analyzed, however, if a claim can be resolved under one prong. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000); see also *State v. Saultz*, 4th Dist. No. 09CA3133, 2011-Ohio-2018, ¶ 19. In short, if it can be shown that an error, assuming arguendo that such an error did in fact exist, did not prejudice an appellant, an ineffective assistance claim can be resolved on that basis alone. To establish the existence of prejudice, a defendant must demonstrate that a reasonable probability exists that, but for his counsel's alleged error, the result of the trial would have been different. See *State v. White*, 82 Ohio St.3d 16, 23, 693 N.E.2d 772 (1998); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus (1989).

## B. Legal Analysis

{¶28} Appellant's argument is that counsel was ineffective for the reason raised under his second assignment of error. However, in light of the fact that we found no merit to that argument, we do not find any constitutionally ineffective assistance of counsel.  As such, Appellant's third assignment of error is overruled.

{¶29} Accordingly, having considered all of the errors assigned and argued, and having found merit in none, we hereby affirm the trial court's judgment.

**JUDGMENT AFFIRMED**.

Kline, J., concurring.

{¶30} I concur in judgment and opinion with the first and third assignments of error. I respectfully concur in judgment only with the second assignment of error.

{¶31} Regarding the second assignment of error, the trial court instructed the jury on the necessary elements of a violation of R.C. 2921.02(D). I conclude that the definition of the word "bribery" elsewhere in the instructions did not amount to plain error. In my view, there is overwhelming evidence that the Appellant committed the crime of bribery in violation of R.C. 2921.02(D). Therefore, the alleged error did not "affect[] the outcome of the trial." *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs herein be taxed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J.:    Concurs in Judgment and Opinion.
Kline, J.:    Concurs in Judgment and Opinion as to Assignment of Errors I and III and Concurs in Judgment Only with Opinion as to Assignment of Error II.

For the Court,

By: _____
Matthew W. McFarland
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**