[Cite as *State v. Gardner*, 2021-Ohio-868.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2020-CA-17 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-580 |
| | : | |
| REGINALD B. GARDNER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of March, 2021.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Suite 200, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellant

THOMAS M. KOLLIN, Atty. Reg. No. 0066964, 3725 Pentagon Boulevard, Suite 270, Beavercreek, Ohio
      Attorney for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1} The State of Ohio appeals from defendant-appellee Reginald B. Gardner's acquittal following a jury verdict finding him not guilty on charges of aggravated drug trafficking and aggravated drug possession.

{¶ 2} In its sole assignment of error, the State challenges the trial court's issuance of a jury instruction regarding a detective's non-compliance with R.C. 2933.83, which sets forth procedures for conducting live or photo "lineups" of suspects.

{¶ 3} The State previously sought and obtained leave to pursue the present appeal, which it brought under R.C. 2945.67(A) and App.R. 5(C). The statute provides that a prosecuting attorney "may appeal by leave of the court to which the appeal is taken any * * * decision, except the final verdict, of the trial court in a criminal case." This provision grants us "discretionary authority to review substantive law rulings * * * which result in a judgment of acquittal so long as the judgment itself is not appealed." *State v. Bistricky*, 51 Ohio St.3d 157, 555 N.E.2d 644 (1990), syllabus. "Even where principles of double jeopardy preclude retrial so that no current controversy exists, appellate review is permitted if 'the underlying legal question is capable of repetition yet evading review.' " *State v. Rac*, 2019-Ohio-893, 124 N.E.3d 878 (2d Dist.), ¶ 11, quoting *Bistricky* at 158.

{¶ 4} In the present case, the State contends the trial court erred in finding itself "compelled" by R.C. 2933.83 to issue a jury instruction regarding law enforcement's failure to comply with the statute's requirements. The State argues that R.C. 2933.83 applies to photo arrays and multiple-suspect lineups, not "single photo identifications" like the one that occurred in this case. Because the trial court found itself "compelled" to issue a jury instruction that the State claims had no relevance, the State argues that the issue

is capable of repetition and evading review. This is particularly so, the State asserts, because the task-force detectives involved in the present case *never* use double-blind photo arrays when showing each other pictures of a suspect. Therefore, the State urges us to find that the trial court erred as a matter of law, and therefore abused its discretion, in giving an irrelevant jury instruction regarding non-compliance with procedures found in R.C. 2933.83 that did not apply.

{¶ 5} We begin our analysis with a review of R.C. 2933.83. It provides minimum requirements for conducting "live lineups" and "photo lineups." R.C. 2933.83(B). A "photo lineup" is defined by the statute as "an identification procedure in which *an array of photographs, including a photograph of the suspected perpetrator of an offense and additional photographs of persons not suspected of the offense*, is displayed to an eyewitness for the purpose of determining whether the eyewitness identifies the suspect as the perpetrator of the offense." (Emphasis added.) R.C. 2933.83(A)(8). Prior to conducting any "photo lineup," a law-enforcement agency must comply with specific minimum requirements found in R.C. 2933.83(B). Notably, when evidence of failure to comply with the requirements of R.C. 2933.83(B) is presented at trial, "the jury shall be instructed that it may consider credible evidence of noncompliance in determining the reliability of any eyewitness identification resulting from or related to the lineup." R.C. 2933.83(C)(3).

{¶ 6} In the present case, there was no "photo lineup" as defined by R.C. 2933.83. An undercover detective with a drug task force purchased methamphetamine from appellee Gardner, who was unknown to the detective. After the transaction, the detective described Gardner's physical appearance to another task-force member. This other task

force member responded, "[T]hat sounds like Reginald Gardner. I will show you a picture of him later and see if you can identify him." (Trial Tr. at 346.) This other task-force member later showed the undercover detective a single photograph of Gardner. (*Id.* at 285, 365.) The undercover detective immediately identified Gardner as the person from whom he had purchased methamphetamine. (*Id.* at 367.) At trial, both detectives acknowledged that the photo identification of Gardner did not involve a "double-blind" photo array of multiple people. (*Id.* at 285-286, 362.) The detectives explained that they use such a procedure with "lay" witnesses and the "general public" but never with each other. (*Id.*)

{¶ 7} Over the State's objection, the trial court included the following jury instruction as part of its instructions on witness credibility:

In considering the surrounding circumstances under which a witness has identified the Defendant by a photo procedure, you must consider whether the photo procedure used met requirements.

Showing one photo to a witness does not meet the requirements of photo identification procedures.

You may consider evidence of non-compliance with requirements in determining the reliability of the witness's identification resulting from this identification procedure.

(*Id.* at 479-480.)

{¶ 8} In overruling the State's objection to the foregoing instruction, the trial court reasoned:

All right. On the issue presenting a single photograph, the Supreme

Court in 1977 in [*Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977)], under the facts—exactly identical to this case—held that that is not a due process violation, that it doesn't violate the Constitution, and that would be permissible, not only in a Motion to Suppress to survey [sic] that, as well as present that testimony during the course of a trial, and so—and the Court has also, the Supreme Court has also held that one-on-one identifications—be it a photo or a person lineup—under certain circumstances, mostly exigent circumstances, are permissible, so we do have one-on-one identifications.

Clearly, this Court has no issue with the procedure employed, in fact, the Jury has heard evidence of the procedure and also the identification made by the eyewitness as a result of that procedure.

What the Court is looking at here under [R.C.] 2933.83 is that, is the following statement in that statute, and Ohio has kind of gone above and beyond what the Supreme Court has addressed in the issue of pretrial identification procedures.

While those deal with due process and Constitutional issues, Ohio has chosen, through the general assembly, to set specific requirements and guidelines in regard to how pretrial lineups and photo spreads should be conducted.

The statute says in [R.C.] 2933.83(C)(3), and I quote this from [*State v. McShann*, 2d Dist. Montgomery No. 27803, 2019-Ohio-4481], when evidence of a failure to comply with any of the provisions of this section or

with any procedure for conducting lineups is presented to the Jury, the Jury shall be instructed that it may consider credible evidence of non-compliance in determining the reliability of the eyewitness identification.

So I begin with the proposition that the statute indicates that the Court is compelled to provide the instruction.

(*Id.* at 469-471.)

{¶ 9} On appeal, the State contends evidence of its failure to comply with the requirements of R.C. 2933.83 did not compel the trial court to give the challenged instruction. The State argues that failure to comply necessitates the instruction only when the statute applies. The State reasons that the statute did not apply here because the undercover detective was shown a single photograph, not a "photo lineup" consisting of "an array of photographs, including a photograph of the suspected perpetrator of an offense and additional photographs of persons not suspected of the offense," which is what R.C. 2933.83 covers.

{¶ 10} Upon review, we find the State's argument to be persuasive. As set forth above, R.C. 2933.83 establishes minimum requirements for the administration of "live lineups" and "photo lineups." R.C. 2933.83(B). A "photo lineup" is defined as "an array of photographs" that includes the suspect and others. R.C. 2933.83(A)(8). When a "photo lineup" does not comport with the requirements of R.C. 2933.83(B), "the jury shall be instructed that it may consider credible evidence of noncompliance in determining the reliability of any eyewitness identification resulting from or related to the lineup." R.C. 2933.83(C)(3).

{¶ 11} Here there was no eyewitness identification resulting from or related to any

"photo lineup." One detective showed another detective a single picture, and an identification was made. In *State v. McShann*, 2d Dist. Montgomery No. 27803, 2019-Ohio-4481, we cited favorably to multiple Ohio appellate courts holding "that where only one photo is shown, R.C. 2933.83 does not apply." *Id.* at ¶ 70. Based on the language in R.C. 2933.83(B) making the statute applicable to "photo lineups," which by definition consist of any array of photographs, we hold that the statute's requirements did not apply in the present case. The fact that a detective failed to comply with an inapplicable statute when showing a picture to another detective was irrelevant.

{¶ 12} For the foregoing reasons, the trial court erred as a matter of law and abused its discretion in giving a jury instruction based on non-compliance with requirements in R.C. 2933.83 that did not apply.[1] Accordingly, we sustain the State's assignment of error. This decision has no impact on Gardner's final judgment of acquittal, as he cannot be placed in jeopardy twice. *Rac* at ¶ 40.

. . . . . . . . . . . . .

TUCKER, P. J. and DONOVAN, J., concur.

Copies sent to:

Marcy A. Vonderwell
Thomas M. Kollin
Hon. Michael A. Buckwalter

---

[1] This does not mean that a defendant is without recourse when a witness makes an identification after viewing a single photograph. Due process requires suppressing witness identification of a defendant if the confrontation was unduly suggestive of the defendant's guilt and the identification was unreliable under the totality of the circumstances. *McShann* at ¶ 26. Thus, when a single photograph is shown, "the issue is whether a defendant's due process rights were violated due to the procedure used for identification." *Id.* at ¶ 70.