[Cite as *Nelsonville v. Nguyen*, 2026-Ohio-1699.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO,                           :        Case No. 25CA12
CITY OF NELSONVILLE,

    Plaintiff-Appellant,              :

      v.                             :        DECISION AND
                                                  JUDGMENT ENTRY

MARGARITA C. NGUYEN,                     :
                                                  **RELEASED 5/5/2026**
    Defendant-Appellee.              :
_____
APPEARANCES:

Bradley S. Nicodemus, The Nicodemus Law Office, LPA, Special Prosecutor, City of Nelsonville, Baltimore, Ohio, for appellant.

Joshua J. Brown, Josh Brown Law LLC, Columbus, Ohio, for appellee.
_____
Hess, J.

{¶1}   The State of Ohio, City of Nelsonville appeals the judgment rendered in this criminal case involving an offense of disturbing a lawful meeting. The State contends that the trial court erred when it added the element of "substantial" to the offense of disturbing a lawful meeting under R.C. 2917.12(A)(1) to its jury instructions. The State contends that: (1) neither the statute nor the standard jury instruction issued by the Ohio Judicial Conference includes "substantial" as an essential element, (2) the trial court's addition of the "substantial" element was based on an early Ohio Supreme Court decision interpreting a different statute that has since been repealed, and (3) other courts in Ohio have determined that "substantial" does not need to be added to the offense of disturbing a lawful meeting. Additionally, the State contends that R.C. 2917.12 was most recently

amended in 2023 and the legislature did not add "substantial" as an element to the offense.

**{¶2}** Margarita Nguyen contends that the additional element of "substantial" is a necessary constitutional limitation on legislative authority to limit speech at public meetings. She argues that it distinguishes between constitutionally protected speech and permissible government restrictions on speech.

**{¶3}** For the following reasons, we find that the trial court erred when it added the element "substantial" to the jury instructions on the offense of disrupting a lawful meeting under R.C. 2917.12 and sustain the State's sole assignment of error.

## I. FACTS AND PROCEDURAL HISTORY

**{¶4}** On April 15, 2025, Nguyen was charged with one count of disrupting a public meeting in violation of R.C. 2917.12, a fourth-degree misdemeanor, arising from her behavior at an April 14, 2025 Nelsonville City Council meeting.[1] She pleaded not guilty and the matter proceeded to a jury trial.

**{¶5}** The State presented witness testimony from the Nelsonville City Council President, Gregg Clement, that the Nelsonville City Council held a regular meeting on April 14, 2025 at which two new council members were to be sworn in following the roll call. However, after roll call and before the swearing in, Nguyen stepped forward and began speaking. Clement called Nguyen to order and instructed her that it was not the appropriate time to speak and that she could make comments during the citizens' comment period. Nguyen continued to speak, and Clement called her to order a second time and again instructed her that she could speak under the citizens' comment period.

---

[1] A recording of the city council meeting is available at https://perma.cc/PFA2-T46F

Nguyen continued to speak and Police Chief Devon Tolliver, who was providing security for the meeting, stepped in and tried to get Nguyen to stop speaking, but she continued so Chief Tolliver removed her from the council meeting. Clement called a recess of the meeting for approximately 10 to 15 minutes to allow everyone to regain composure. Following the recess, the meeting was resumed, there were no further interruptions, council business was conducted, and the meeting concluded. Clement testified that he believed that Nguyen had the misconception that she was the Nelsonville City Council President and could speak anytime during the meeting. However, because Nguyen had resigned from council several weeks earlier, Clement understood that Nguyen was no longer a member of council.

{¶6}   Nguyen testified that she believed that she was the city council president during the April 14, 2025 meeting and had the right to speak when she did without waiting until the citizens' comment period. Nguyen testified that it was her intent to speak for two minutes. A video recording of the meeting was played for the jury. The video shows Nguyen speaking and arguing with council president and the police chief continuously for approximately three and one-half minutes. Nguyen continues to argue loudly with law enforcement off camera as she is removed from the meeting, such that Clement called a recess for approximately 10 to 15 minutes.

{¶7}   The jury found Nguyen not guilty. The State filed a motion for leave to appeal the trial court's jury instruction, which we granted. Under R.C. 2945.67(A) and App.R. 5(C) a prosecuting attorney "may appeal by leave of the court to which the appeal is taken any . . . decision, except the final verdict, of the trial court in a criminal case." This provision grants us "discretionary authority to review substantive law rulings . . . which

result in a judgment of acquittal so long as the judgment itself is not appealed." *State v. Bistricky*, 51 Ohio St.3d 157 (1990), syllabus. "Even where principles of double jeopardy preclude retrial so that no current controversy exists, appellate review is permitted if 'the underlying legal question is capable of repetition yet evading review.' " *State v. Rac*, 2019-Ohio-893, ¶ 11 (2d Dist.), quoting *Bistricky* at 158.

## II.  ASSIGNMENT OF ERROR

**{¶8}**   The State presents the following assignment of error:

> The trial court committed reversable error when it added the element of "substantially" and further defined it, to the offense of disturbing a lawful meeting, in its written and oral jury instructions.

## III.  LAW AND ANALYSIS

**{¶9}**   A trial court has broad discretion to decide how to fashion jury instructions, but it must "fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." *State v. Comen,* 50 Ohio St.3d 206 (1990), paragraph two of the syllabus. A jury instruction must present a correct, pertinent statement of the law that is appropriate to the facts. *State v. Griffin,* 2014-Ohio-4767, ¶ 5; *State v. White,* 2015-Ohio-492, ¶ 46. An appellate court will not disturb that decision absent an abuse of discretion. *State v. Wolons*, 44 Ohio St.3d 64, 68, (1989). However, whether the jury instructions correctly state the law is a question that is reviewed de novo. *State v. Dean*, 2015-Ohio-4347, ¶ 135, citing *State v. Bradford*, 2013-Ohio-480, ¶ 22 (4th Dist.).

**{¶10}**  Nguyen was charged with a violation of R.C. 2917.12(A)(1), which states:

> (A) No person, with purpose to prevent or disrupt a lawful meeting, procession, or gathering, shall do either of the following:

(1) Do any act which obstructs or interferes with the due conduct of such meeting, procession, or gathering;

The Ohio Jury Instructions provide the following jury instruction concerning R.C. 2917.12:

The defendant is charged with disturbing a lawful meeting. Before you can find the defendant guilty, you must find beyond a reasonable doubt that . . . the defendant, with purpose to disrupt a lawful meeting did an act which interfered with the due conduct of such meeting.

Although the Ohio Jury Instructions are not binding legal authority, they are prepared by the Ohio Judicial Conference as the generally accepted interpretation of the statute. *E.g., State v. Ellis*, 2012-Ohio-3586, ¶ 12 (10th Dist.).

**{¶11}** Neither the statute nor the Ohio Jury Instruction include an additional element that the interference or obstruction be "substantial." However, based on *Schwing* and *Brand, infra,* the trial court added the element of "substantial" to the offense and instructed the jury:

The charge is for Disrupting a Lawful Meeting under Ohio Revised Code 2917.12. Before you can find the Defendant guilty, you must find beyond a reasonable doubt that . . . the Defendant with purpose to disrupt a lawful meeting, did an act which *substantially* interfered with the due conduct of such meeting.

The elements of the offense are: an act, with purpose, *substantially*, obstructed or interfered, and a lawful meeting. (Emphasis added.)

The trial court defined "substantial" as meaning "major, consequential, effective or significant. It means that the offending act is of considerable quantity or dimension, or of solid effect. The statute applies to conduct that obstructs the due conduct of the meeting in a major, consequential, significant, or considerable manner."

**{¶12}** The State argues that the Ohio General Assembly did not include the term "substantial" when it enacted the law in 1974, nor did they add the term "substantial" when they passed their most recent amendment to the statute in 2022, effective April 4, 2023.

Instead, the trial court added the term "substantial" based on *Schwing* and *Brand, infra*, that interpreted a statute, R.C. 3761.11, which was repealed effective January 1, 1974 and replaced by R.C. 2917.12.

{¶13} That case, *State v. Schwing*, 42 Ohio St.2d 295 (1975), involved the conviction of Schwing under R.C. 3761.11, which stated, "No person shall willfully interrupt or disturb a lawful assemblage of persons," after he entered a meeting room at a public university where speakers were discussing proposed changes to the Ohio Criminal Code. Schwing shouted profanities and physically restrained a municipal court judge in attendance. *Id*. at 296, 301. The Court recognized that R.C. 3761.11 was an attempt to discourage deprivation of the right to assemble. "The authority of the Legislature to enact some type of law is clear; if such authority were absent, the right to assemble could be totally nullified by any vociferous or violent individual or gang who opposes the purpose of the meeting." *Id*. at 302. The Court then acknowledged that R.C. 3761.11 was "susceptible of encroaching upon the constitutional right of freedom of expression." *Id.* at 302. The Court found that audience activities of heckling and booing maybe be impolite but nevertheless advance the goals of the First Amendment.

> The First Amendment contemplates a debate of important public issues; its protection can hardly be narrowed to the meeting at which the audience must passively listen to a single point of view. The First Amendment does not merely insure a marketplace of ideas in which there is but one seller.

(Citations omitted.) *Id.* at 303. The Court found that R.C. 3761.11 made no distinction between constitutionally protected interruptions of a lawful assemblage and interruptions which substantially impinge on the right of assembly. The Court held that the trial court's charge to the jury should have narrowed the scope of R.C. 3761.11 to willful disturbances

that cause a lawful assemblage "to terminate in an untimely manner" or those which "substantially impair the conduct of the assemblage." *Id.* at 305-306.

**{¶14}** Since R.C. 3761.11 was repealed and replaced by R.C. 2917.12, the Supreme Court of Ohio has not considered the constitutionality of R.C. 2917.12.[2] However, other Ohio courts have. In *State v. Brand,* 2 Ohio App.3d 460 (1st Dist. 1981), Brand was shouting during an event held on Fountain Square in Cincinnati where First Lady Rosalyn Carter was speaking. He was convicted of disturbing a lawful meeting in violation of R.C. 2917.12. The appellate court held that the trial court erred when it did not give limiting jury instructions that the interference must be "substantial" as defined by the Court in *Schwing. Id*. at 463-464; *State v. Roy*, 7 Ohio Misc.2d 8 (M.C. 1983) (following *Brand* as controlling precedent).

**{¶15}** In *State v. Wolf,* 111 Ohio App.3d 774 (7th Dist. 1996), Wolf was convicted of disturbing a lawful meeting in violation of R.C. 2917.12(A)(1) after he attended a local board of health meeting and attempted to sit at the board table and make statements about another attendee. Wolf argued that the trial court's jury instructions were erroneous because they did not include the term "substantial." Citing *Brand* and *Schwing*, Wolf argued that the jury should have been instructed that they needed to find that he "substantially interfered" with the due conduct of a lawful meeting because without that additional element, the jury could not distinguish between constitutionally protected freedom of speech rights and unprotected disturbances. *Id.* at 777. The appellate court rejected Wolf's argument:

---

[2] The United States Court of Appeals for the Sixth Circuit has assumed, without deciding, that R.C. 2917.12(A)(1) is a reasonable time, place, and manner restriction on speech. *Frenchko v. Monroe*, 160 F.4th 784, 798, fn. 4 (6th Cir. 2025).

> R.C. 2917.12(A)(1) does not contain the term "substantial," and therefore it was not necessary for the trial court to instruct the jury on the definition of the term or on any limitation of the statute in relation to the term. In *State v. Loudermill* (1965), 2 Ohio St.2d 79, 31 O.O.2d 60, 206 N.E.2d 198, the Ohio Supreme Court held that the evidence, as well as the law, governs the charge of the trial court in a criminal case, and the charge must be consistent with the evidence. Neither the facts herein nor the applicable law called for the jury to be instructed on the definition of the term "substantial" and, therefore, the trial court did not err in its jury instructions.

*Id.* at 778.

{¶16} In *State v. Zagger*, 1981 WL 4499 (8th Dist. Aug. 13, 1981), Zagger was convicted of disturbing a lawful meeting under R.C. 2917.12 for a "pie in the face" attack on a speaker at a public high school. Zagger argued his conviction should be reversed because the trial court did not give the narrowing jury instructions as discussed in *Schwing.* The appellate court rejected his argument and found that *Schwing* was only applicable to the repealed R.C. 3761.11. Zagger was charged under was R.C. 2917.12 which the court found was "not identical to its predecessor. In addition, it so clearly encompasses the corrective principle of *Schwing,* that its constitutionality *without* a limiting instruction is patent." *Id.* at *2.

> For R.C. § 2917.12(A) contains a constricting and defining preface which attaches to all the prohibited acts which follow. That preface limits the statute's prohibitions to acts whose purpose is "to prevent or disturb a lawful meeting, procession, or gathering . . . ." So defined the perimeter of the unlawful conduct confines only unprotected acts. Thus, R.C. § 2917.12 did not require a delineating instruction to save its constitutionality.

*Id.*

{¶17} In *Columbus v. Doyle*, 2002-Ohio-4490 (10th Dist.), Doyle was convicted of disturbing a lawful meeting in violation of a city ordinance identical to R.C. 2917.12. Doyle was at a public school district meeting, which allowed speakers three minutes of speaking time during a public comment period. Doyle went over his three minutes and was told

several times to stop commenting and sit down. He refused and was physically removed by police officers and charged with disturbing a lawful meeting. Doyle challenged his conviction on the grounds that ordinance, identical to R.C. 2917.12, was unconstitutionally vague and overbroad. The appellate court found that the statute was constitutional because it does not regulate the content of a person's speech; instead, it "applies to the person's conduct in the act of speaking when the actor's intent is not to facilitate the exchange of ideas but, rather, to disrupt or prevent either an exchange or the legitimate expression of ideas by others. A state legislature may regulate both conduct and speech that is antagonistic to legitimate public interest by placing reasonable restrictions on the time, place, and manner of expressive activity." *Id.* at ¶ 18.

{¶18} Here Nguyen was not in the public square or on a public university like the defendants in *Schwing* and *Brand*, where strong First Amendment rights to freedom of speech exist; she was at a city council meeting. The Sunshine Law, R.C. 121.22, requires the government ensure public access to government meetings, but " 'there is nothing in the statute that requires that the public body permit a member of the public to speak at the meeting.' " *Montgomery v. City of Akron*, 2026 WL 232831, *5 (N.D. Ohio Jan. 28, 2026), quoting *Wyse v. Rupp*, 1995 WL 547784, *4 (6th Dist. Sept. 15, 1995), citing *Black v. Mecca Twp. Bd. of Trustees*, 91 Ohio App.3d 351, 356 (11th Dist. 1993). City council meetings are limited public forums. *Youkhanna v. City of Sterling Heights*, 934 F.3d 508, 519 (6th Cir. 2019). Because Nguyen was at a limited public forum, her speech could be limited to the discussion of certain topics and limited to a designated and abbreviated period. *Montgomery v. City of Akron*, at *3; *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 470 (2009) ("a government entity may create a forum that is limited to use by

certain groups or dedicated solely to the discussion of certain subjects.  In such a forum, a government entity may impose restrictions on speech that are reasonable and viewpoint neutral."). The Nelsonville City Council established a viewpoint neutral and reasonable citizens' comment period and asked Nguyen to hold her comments until the citizens' comment period. She refused and was removed and charged with disturbing a lawful meeting. Nguyen does not contend, nor do we find any evidence in the record, that she was prevented from speaking due to the viewpoint of her speech.

**{¶19}** We find the analysis of *Wolf, Zagger, and Doyle, supra*, persuasive. R.C. 2917.12(A)(1) does not contain the term "substantial" and targets persons who act "with purpose to prevent or disrupt a lawful meeting." Jury instructions must follow the applicable statutory elements of a crime consistent with the evidence in the case. *Wolf* at 778; *State v. Ford*, 2011-Ohio-765, ¶ 10 ("In Ohio, all criminal offenses are statutory, and the elements necessary to constitute a crime must be gathered wholly from the statute."). As in *Wolf*, the facts and applicable statute do not call for the jury instructions to include a "substantial" element. Nguyen, like the defendants in *Wolf, Zagger* and *Doyle,* was in a limited public forum.

**{¶20}** Because this case does not involve a traditional public form, like a public street or park, our holding is limited to limited public forums. Thus, we do not consider the constitutionality of R.C. 2917.12 as applied to a traditional public forum. Moreover, while "[c]ourts have a duty to liberally construe statutes 'to save them from constitutional infirmities,' " and severance under R.C. 1.50 may save some statutes, we question whether our authority would extend to judicially amending the statute by writing the element "substantial" into it. *Mahoning Edn. Assn. of Dev. Disabilities v. State Emp.*

*Relations Bd.*, 2013-Ohio-4654, ¶ 13, quoting *Desenco, Inc. v. Akron,* 84 Ohio St.3d 535, 538 (1999); *State ex rel. Steffen v. Court of Appeals, First Appellate Dist.*, 2010-Ohio-2430, ¶ 26 (courts are forbidden to add a nonexistent provision to the plain language of a statute); *State ex rel. Lorain v. Stewart*, 2008-Ohio-4062, ¶ 36 (court cannot add language to statute); *State v. Hughes*, 86 Ohio St.3d 424, 427 (1999) ("In construing a statute, we may not add or delete words"); *State ex rel. Whitehead v. Sandusky Cty. Bd. of Commrs.*, 2012-Ohio-4837, ¶ 28 (discussing severance under R.C. 1.50 as a tool to remedy unconstitutional statutory provisions).

{¶21} The trial court erred as a matter of law and abused its discretion in giving a jury instruction that included the element "substantially" when R.C. 2917.12(A)(1) contains no such element and where, in a limited public forum, a person's speech is not entitled to this additional safeguard. This decision has no effect on Nguyen's acquittal, as she cannot be placed in jeopardy twice. *State v. Gardner*, 2021-Ohio-868, ¶ 12 (2d Dist.).

{¶22} We sustain the State's sole assignment of error.

## **JUDGMENT ENTRY**

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
      Michael D. Hess, Judge



**NOTICE TO COUNSEL**

**This document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**