DECISION AND JUDGMENT ENTRY
{¶ 1} Jesse Patterson ("Appellant") appeals his conviction in the Washington County Court of Common Pleas for aggravated robbery. He contends that his conviction violates the double jeopardy clause of the United States Constitution. He argues that he justifiably believed that his plea to assault would terminate the prosecutor's ability to charge him with aggravated robbery. Appellant also contends that the trial court erred by imposing a non-minimum prison term in the absence of jury findings of the factors presented in R.C. 2929.14(B). Because we find that there was no double jeopardy violation and that there was no definite, negotiated plea agreement between Appellant and the State with regard to Appellant's misdemeanor assault charge, we affirm the judgment of the trial court in part; however, we vacate the sentence imposed by the trial court and remand the case for resentencing in accordance with the recent opinion of the Supreme Court of Ohio in State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856.
 {¶ 2} In the early morning hours of September 6, 2004, Jared Roberts, accompanied by his girlfriend, Billie Tucker, and two friends, Phillip Hughes and Nicole Robinson, went onto the porch of Roberts' residence to smoke cigarettes. Roberts testified that they went outside to smoke in deference to his son, who was asleep in the residence and suffers from asthma. While the four sat on the porch, Appellant and Brandon Lincoln attempted to come onto the porch. Roberts testified that while he did not object to Appellant coming onto the porch, he specifically indicated to Lincoln that he was not to come onto the porch. Shortly after he stepped onto the porch, Appellant struck Roberts. Roberts testified that after that happened, "we just all started fighting." Roberts testified that both Appellant and Lincoln struck and kicked him repeatedly, on the porch of his residence, in his yard, and in the street in front of the residence.
 {¶ 3} While Roberts and Appellant were in the yard in front of Roberts' residence, Appellant said to Roberts, "[E]mpty your pockets and I'll quit hitting you." Roberts testified that at that point, he had three dollars in his pocket, and he refused to comply with Appellant's demand. When Roberts refused, Appellant began hitting and kicking him again.
 {¶ 4} As a result of the struggle, Roberts suffered a broken jaw and missed two weeks of work. Roberts testified that it was recommended that he have his jaw wired shut to promote healing, but he did not take this course because the costs associated with the procedure were too great.
 {¶ 5} Appellant entered a plea of no contest to the charge of assault in violation of R.C. 2903.13(A) prior to his indictment on charges of aggravated robbery and robbery. He was sentenced for the assault charge on September 14, 2004. On October 1, 2004, an indictment was issued for Appellant on aggravated robbery and robbery charges stemming from the same incident. Appellant was arraigned on October 5, 2004, and a jury trial was conducted on February 8-10, 2005. The jury found Appellant guilty of aggravated robbery in violation of R.C. 2911.01(A)(3), and robbery in violation of R.C. 2911.02(A)(2). He was sentenced on March 16, 2005 on the aggravated robbery count to confinement for four years in the Correctional Reception Center in Orient, Ohio. Appellant now appeals his conviction, asserting three assignments of error:
 {¶ 6} I. MR. PATTERSON'S CONVICTION VIOLATES THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION.
 {¶ 7} II. THE TRIAL COURT ERRED BY CONVICTING MR. PATTERSON WHEN HE JUSTIFIABLY BELIEVED THAT HIS PLEA TO ASSAULT "WOULD TERMINATE THE INCIDENT."
 {¶ 8} III. THE TRIAL COURT ERRED BY IMPOSING A NONM-INIMUM PRISON TERM IN THE ABSENCE OF JURY FINDINGS OF THE FACTORS SET FORTH IN R.C. 2929.14(B).
 {¶ 9} In his first assignment of error, Appellant contends that his conviction for aggravated robbery in violation of R.C.2911.03(A)(3) violates the double jeopardy clause of theFifth Amendment of the United States Constitution. The double jeopardy clause prohibits successive punishment for the same offense; it states: "* * * [no] person [shall] be subject for the same offence to be twice put in jeopardy of life or limb[.]" The applicable rule under the Fifth Amendment is that
"[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." State v. Zima, 102 Ohio St.3d 61, 65, 806 N.E.2d 542,2004-Ohio-1807 at ¶ 19, quoting State v. Best (1975),42 Ohio St.2d 530, 330 N.E.2d 421, syllabus ¶ 3, and citing Blockburgerv. United States (1932), 284 U.S. 299, 304, 52 S.Ct. 180,76 L. Ed. 306.
 {¶ 10} Appellant initially pled no contest to assault charges in violation of R.C. 2903.13(A) on September 14, 2004. That section provides: "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." On October 1, 2004, an indictment was issued charging Appellant with violations of R.C. 2911.01(A)(3) and 2911.02(A)(2). R.C.2911.01(A)(3), which outlines aggravated robbery offenses, provides:
"No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall * * * [i]nflict or attempt to inflict, serious physical harm on another."
 {¶ 11} Likewise, R.C. 2911.02(A)(2) provides:
"No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another."
 {¶ 12} At the jury trial, jurors were provided the following instructions with regard to the R.C. 2911.01(A)(3) aggravated robbery charge:
"In Count 3 of the indictment, Mr. Jesse Patterson is charged with an offense commonly known as aggravated robbery, in violation of Section 2911.01(A)(3) of the Ohio Revised Code.
"Before you can find Mr. Patterson guilty, you must find beyond a reasonable doubt, that on or about the 6th day of September, 2004, and in Washington County, Ohio, the Defendant, Jesse Patterson, did knowingly, in attempting to commit a theft offense, or in fleeing immediately after the attempted theft offense, inflict or attempt to inflict serious physical harm on another person, to wit, Jared Roberts" (Emphasis added).
Tr. p. 762. The instructions added a "knowingly" requirement to the elements of R.C. 2911.01 (A)(3). Neither the State nor Appellant's attorney objected to these instructions. The instructions as presented in the transcript reflect the law the jurors were required to apply in this case to the facts presented at trial.
 {¶ 13} A jury charge must correctly state the law applicable to the facts that the jury must decide. Depouw v. Bichette,162 Ohio App.3d 336, 833 N.E.2d 744, 2005-Ohio-3695, at ¶ 31, citingMarshall v. Gibson (1985), 19 Ohio St.3d 10, 482 N.E.2d 583. Reversible error occurs if a jury charge is incomplete, misleading, or incorrect. Id. However, absent plain error, the failure to object to improprieties in jury instructions, as required by Crim.R. 30, is a waiver of the issue on appeal.State v. Sheppard, Stark App. No. 2004CA00361, 2005-Ohio-6065, at ¶ 38, citing State v. Underwood (1983), 3 Ohio St.3d 12, 13,444 N.E.2d 1332.
 {¶ 14} The doctrine of plain error is governed by Crim.R. 52(B). Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." For a reviewing court to find plain error, three conditions must exist: (1) an error in the proceedings; (2) the error must be plain, i.e., the error must be an "obvious" defect in the trial proceedings; and (3) the error must have affected "substantial right," i.e., the trial court's error must have affected the outcome of the trial. State v.Parish, Washington App. Nos. 05CA14 and 05CA15, 2005-Ohio-7109, at ¶ 18, citing State v. Noling, 98 Ohio St.3d 44, 56, 2002-Ohio-7044, 781 N.E.2d 88; State v. Barnes,94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240; State v. Sanders (2001),92 Ohio St.3d 245, 257, 750 N.E.2d 90; State v. Hill (2001),92 Ohio St.3d 191, 200, 749 N.E.2d 274. Additionally, the Ohio Supreme Court has stated that Crim.R. 52(B) is to be invoked "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Parish,2005-Ohio-7109, at ¶ 18, citing State v. Landrum (1990), 53 Ohio S.3d 107, 111, 559 N.E.2d 710; State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804, ¶ 3 of the syllabus. A reviewing court should consider noticing plain error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Parish, 2005-Ohio-7109, at ¶ 18, citing Barnes, 94 Ohio St.3d at 27; United States v. Olano
(1993), 507 U.S. 725, 736, 113 S.Ct. 1770; United States v.Atkinson (1936), 297 U.S. 157, 160, 56 S.Ct. 391. {¶ 15}
Applying the three prong test for plain error to the case sub judice, the first and second prongs of the test are met, as there was an error in the jury instructions and the error was obvious. The error, however, does not meet the standard set forth in the third prong of the test, because the jury instructions required the jury to find Appellant culpable for the aggravated robbery charge at a mental state, "knowingly," which is more difficult to prove than the mental state required by the statute. Since the jury convicted Appellant at a heightened mental state, it would have convicted him even at the lower mental state required by the statute, recklessness. Therefore, the error would not have affected the ultimate outcome of the trial.
 {¶ 16} The aggravated robbery and robbery charges at issue in the case require an element that the misdemeanor assault to which Appellant entered a guilty plea does not, i.e., the commission or attempted commission of a theft offense. Also, aggravated robbery and robbery both may be completed by the "threat to inflict" harm, which is an element not required for assault. Likewise the assault offense requires a more heightened mental state, "knowingly," than either the aggravated robbery charge or the robbery charge, which only require a mens rea of recklessness. See State v. Robertson (Oct. 19, 1995), Cuyahoga App. Nos. 67795 and 67796, 1995 WL 614499, and State v. Crawford (1983),10 Ohio App.3d 207, 461 N.E.2d 312 (supporting the proposition that assault is not a lesser included offense of aggravated robbery and robbery due to different mens rea elements). Therefore, notwithstanding the error in the jury instructions, there is no double jeopardy violation in this case. Additionally, because the error in the jury instructions does not amount to plain error, and would not have changed the outcome of the case, the error in the jury instructions did not violate the double jeopardy clause of the Fifth Amendment. Appellant's first assignment of error, therefore, is not well taken.
 {¶ 17} In his second assignment of error, Appellant asserts the trial court erred by convicting him when he believed that his no contest plea to the misdemeanor assault charge would terminate the incident. Appellant cites State v. Carpenter (1993),68 Ohio St.3d 59, 61-62, 623 N.W.2d 66 in support of his proposition. His reliance on Carpenter is misplaced. InCarpenter, the Supreme Court of Ohio held that the "[s]tate cannot indict a defendant for murder after the court has accepted a negotiated guilty plea to a lesser offense and victim later dies of injuries sustained in the crime, unless the state expressly reserves the right to file additional charges on the record at the time of the defendant's plea" (Emphasis added).Carpenter, 68 Ohio St.3d at 59. In the case at bar, there is no evidence of a plea agreement between Appellant and the State on the misdemeanor assault charge. Therefore, this case is easily distinguishable from Carpenter, where there was a definite, negotiated guilty plea. Accordingly, Appellant's second assignment of error is overruled.
 {¶ 18} In his third assignment of error, Appellant contends that the trial court erred by imposing a non-minimum prison term in the absence of jury findings of the factors set forth in R.C.2929.14(B), in violation of Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531. Recently, the Supreme Court of Ohio held in Foster, supra, that certain Ohio felony sentencing statutes violate the Sixth Amendment to the United States Constitution. R.C. 2929.14(B), which requires judicial factfinding before the imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, is amongst the number of statutes deemed unconstitutional in Foster. Foster, supra, at ¶ 83. Appellant was sentenced to a greater-than-minimum sentence for his crimes by means of R.C. 2929.14(B)(2), which permits such an upward deviation in the sentence if the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. Because Appellant was sentenced in part under R.C. 2929.14(B), the ruling in Foster
applies to the case sub judice; therefore, as R.C. 2929.14(B) was deemed unconstitutional, the sentence is rendered void.
 {¶ 19} When a sentenced is deemed void, "the ordinary course is to vacate that sentence and remand to the trial court for a new sentencing hearing." Foster, supra, at ¶ 103, citing Statev. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, at ¶ 23. Therefore, the proper procedure in this case is to vacate the sentence imposed on Appellant and remand the case to the Washington County Common Pleas Court to conduct a new sentencing hearing.
 {¶ 20} Because we find that Appellant's first and second assignments of error are without merit, we uphold the judgment of the trial court in part. However, as the sentence imposed by the trial court is void, we vacate the sentence imposed and remand the case for a new sentencing hearing in accordance with the directives announced in Foster, supra.
SENTENCE VACATED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the SENTENCE BE VACATED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, J. and Kline, J.: Concur in Judgment and Opinion.