{¶ 31} I respectfully dissent. I would find that this is not the rare case in which the error in the indictment led to errors that "permeate[d] the trial from beginning to end and put into question the reliability of the trial court in serving its function as a vehicle for determination of guilt or innocence."
 {¶ 32} As the majority notes, the Court in Colon II found that applying structural analysis to a defective indictment is rare, and in most defective indictment cases, we analyze the error pursuant to Crim. R. 52(B). However, the Court also urged that "the syllabus inColon I is confined to the facts in that case." Id. at ¶ 8.
 {¶ 33} Given the Court's statements in Colon II, I would find that the errors that permeated the entire trial in Colon I are not present here. Thus, I would apply a plain error analysis under Crim. R. 52(B).
 {¶ 34} Plain error should be invoked only to prevent a clear miscarriage of justice. State v. Underwood (1983), 3 Ohio St.3d 12, 14,444 N.E.2d 1332. Plain error is one in which, but for the error, the outcome of the trial would have been different. State v. Long (1978),53 Ohio St.2d 91, 97, 372 N.E.2d 804. Pursuant to Crim. R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Thus, Dzelajlija must *Page 12 
demonstrate that the outcome of his trial would have been different were it not for the defect in his indictment.[2]
 {¶ 35} In the instant case, Dzelajlija admitted to the police and to his girlfriend, Jennifer Martin, that he committed the robbery. Furthermore, the trial court instructed the jury on the heightened mental state of "knowingly" with regard to both robbery counts.[3] The trial court's application of knowingly did not affect Dzelajlija's substantial rights because "knowingly" is more difficult to prove than recklessly. Having convicted him based on the knowingly instruction, the jury would have also convicted him of acting recklessly, which is a lower mental state. See State v. Patterson, Washington App. No. 05CA16,2006-Ohio-1902. See, also, State v. Jones, Mahoning App. No. 07-MA-200,2008-Ohio-6971, where the court found that reversal of Jones' conviction was not required because the State and the court proceeded through the trial as if "knowingly" was the required mental state for robbery.
 {¶ 36} Thus, I would find that Dzelajlija's substantial rights were not affected and the outcome of Dzelajlija's trial would not have changed.
 {¶ 37} Accordingly, I would overrule the first assignment of error. *Page 13 
 {¶ 38} Having overruled the first assignment of error, I would address Dzelajlija's second assignment of error, in which he argues that his robbery convictions were against the manifest weight of the evidence. Because Dzelajlija admitted to committing the robbery, I would find that the jury did not lose its way.
 {¶ 39} Therefore, I would overrule the second assignment of error and affirm Dzelajlija's convictions.
[2] Notably, despite a prior appeal and two trials, Dzelajlija raises, for the first time, the defective indictment argument with regards to his conviction under R.C. 2911.02(A)(2).
[3] The Court in Colon I held that reckless is the required mental state in R.C. 2911.02(A)(2). *Page 1