[Cite as *State v. Hastings*, 2014-Ohio-1418.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

STATE OF OHIO, :

    Plaintiff-Appellee, : Case No. 13CA16

vs. :

SHAWN HASTINGS, : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant. :

_____

APPEARANCES:

COUNSEL FOR APPELLANT: W. Joseph Edwards, 341 South Third Street, Suite 200, Columbus, Ohio 43215

COUNSEL FOR APPELLEE: Gary D. Kenworthy, Circleville City Law Director, and Jeffrey Catri, Assistant Circleville City Law Director, 443 North Court Street, P.O. Box 574, Circleville, Ohio 43113

_____

CRIMINAL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-20-14
ABELE, P.J.

{¶ 1} This is an appeal from a Circleville Municipal Court judgment of conviction and sentence. A jury found Shawn Hastings, defendant below and appellant herein, guilty of littering in violation of R.C. 3767.32.

{¶ 2} Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITS REVERSIBLE ERROR BY
PERMITTING THE STATE TO PRESENT INADMISSIBLE
HEARSAY EVIDENCE [TO] THE JURY IN VIOLATION OF MR.

HASTINGS['] RIGHT TO A FAIR TRIAL UNDER THE UNITED
STATES CONSTITUTIONS AND THE OHIO CONSTITUTION
NAMELY THE 5TH AND 14TH AMENDMENTS AS WELL AS
THE CONFRONTATION CLAUSE."

SECOND ASSIGNMENT OF ERROR:

"THE VERDICT IN THIS CASE IS AGAINST THE MANIFEST
WEIGHT OF EVIDENCE AND WAS BASED ON INSUFFICIENT
EVIDENCE TO SUSTAIN SAID VERDICT."

**{¶ 3}**   On August 24, 2012, Craig Garrison observed a pick-up truck on Carson Road "backed up into the ditch with a white male on the outside of it, and a pile of wood on the other side of the truck."   Garrison obtained the license plate number and a description of the truck and called the sheriff's office to report what Garrison believed to be illegal dumping.   Garrison, however, did not observe anyone actually dumping the wood.

**{¶ 4}**   Law enforcement officers learned that the truck belonged to appellant's grandfather, Noah Hanna, but that Hanna was gravely ill and had not been driving.   On September 11, 2012, the officers visited Hanna's house and spoke with Hanna's great-grandson, Austin Hastings.

**{¶ 5}**   Austin informed the officers that he had helped appellant, his uncle, load the pick-up truck with the debris subsequently discovered on Carson Road.   The officers showed Austin photographs of the debris and he identified it as the material that he had help load onto the truck with appellant.   Austin told the officers that he had asked appellant if appellant would like Austin to help dispose of the debris, but appellant stated that he did not want Austin to help because he did not want Austin to get in trouble.

**{¶ 6}** On October 3, 2012, Pickaway County Sheriff's Detective Rex Emrick filed a complaint and alleged that appellant committed the offense of littering, in violation of R.C. 3767.32(C).

**{¶ 7}** On May 22, 2013, the court held a jury trial. Austin reluctantly testified for the prosecution that he recalled telling Detective Emrick that (1) he helped appellant load debris into the truck; (2) he offered to help appellant dispose of the debris; and (3) appellant told Austin that appellant did not want Austin to go with him. Austin stated, however, that he did not recall telling Detective Emrick that appellant told Austin that he intended to illegally dump the materials. Rather, Austin explained that he believed appellant intended to take the debris to a recycling location. Austin also stated that when the officers visited him at his dying great-grandfather's house, he felt pressured to cooperate. Austin stated that he told the detectives "something * * * to keep [himself] out of trouble."

**{¶ 8}** When the state asked Detective Emrick questions regarding Austin's interview, appellant objected on the basis of hearsay. The court held a discussion out of the jury's presence and appellant's counsel explained the basis for his objection:

> "Well I think it's hearsay. This is a statement by somebody who's not on the witness stand obviously. If it's going to be offered by Mr. Catri through Detective Emrick to show that what Austin said is true, that is, he made incriminating statements about his uncle."

The prosecutor argued that the statements should be admissible because Emrick "is the investigating detective" and is providing the testimony "based on his actual presence, his actual recollection." The court overruled appellant's objection and explained: "I'm inclined to let it in on the basis of Rule 804 as a matter of lack of memory of a subject matter of the declarant * * *."

**{¶ 9}** Detective Emrick then continued to testify and stated that when he interviewed

Austin, Austin admitted that he helped load the debris into appellant's pick-up truck.   Austin

further stated that he asked appellant if he wanted help, and that appellant told Austin that

appellant did not want Austin to help "because he didn't want him to get in trouble if he got caught

dumping."   Detective Emrick also testified that Austin identified the photographs of the material

dumped on Carson Road as the material that he had helped appellant load in the truck.   Detective

Emrick further testified that approximately two weeks after Garrison saw what he believed to be

illegal dumping, the officers located the pick-up truck that Garrison observed parked on appellant's

property.

{¶ 10} On May 22, 2013, the jury found appellant guilty of littering.   The trial court

sentenced appellant to serve sixty days in jail, with forty-five days suspended, placed appellant on

probation for twelve months, imposed a $250 fine and ordered $600 in restitution.   This appeal

followed.

I

{¶ 11} In his first assignment of error, appellant asserts that the trial court erred by

allowing the state to introduce inadmissible hearsay evidence.   Appellant contends that Detective

Emrick's testimony regarding Austin's interview constituted inadmissible hearsay[1] because the

trial court incorrectly determined that Detective Emrick's statements were admissible under

Evid.R. 804.   Appellant argues that even if the trial court correctly found that Austin was

---

[1]   We note that in his statement of the facts, appellant asserts that "the impeachment of witness Hastings with prior inconsistent statements, is not substantive evidence that can be used to prove a fact, but rather solely for the jury to access [sic] the witnesses' [sic] credibility."   Appellant does not, however, raise this issue as an assignment of error or otherwise argue it in his brief.   Therefore, we will not consider this issue.

"unavailable," the trial court failed to consider whether any of the hearsay exceptions outlined in

Evid.R. 804(B) applied.

{¶ 12} Generally, evidentiary rulings are reviewed on appeal under an abuse-of-discretion

standard.   State v. Joseph, 73 Ohio St.3d 450, 460, 653 N.E.2d 285 (1995).   When, however, an

appellant alleges that the evidentiary ruling was "'based on an erroneous standard or a

misconstruction of the law,'" then an appellate court reviews the trial court's evidentiary ruling

using a de novo standard of review.   State v. Morris, 132 Ohio St.3d 337, 2012-Ohio-2407, 972

N.E.2d 528, ¶16, quoting Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership, 78 Ohio App.3d

340, 346, 604 N.E.2d 808 (2nd Dist. 1992); Med. Mut. of Ohio v. Schlotterer, 122 Ohio St.3d 181,

909 N.E.2d 1237, 2009-Ohio-2496, ¶13 (stating that "[w]hen a court's judgment is based on an

erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate").

{¶ 13} In the case at bar, appellant asserts that the trial court incorrectly applied Evid.R.

804.   Thus, our standard of review is de novo.

{¶ 14} Evid.R. 804 governs the admissibility of an out-of-court statement when the

declarant is unavailable as a witness.   Under Evid.R. 804(A)(3) a declarant is unavailable as a

witness if the declarant "testifies to a lack of memory of the subject matter of the declarant's

statement[.]"

{¶ 15} Evid.R. 804(B) sets forth the types of statements that are admissible when a

declarant is unavailable as a witness:

> The following are not excluded by the hearsay rule if the declarant is
> unavailable as a witness:
>
> (1) Former testimony.   Testimony given as a witness at another hearing of
> the same or a different proceeding, or in a deposition taken in compliance with law

in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.   Testimony given at a preliminary hearing must satisfy the right to confrontation and exhibit indicia of reliability.

(2) Statement under belief of impending death.   In a prosecution for homicide or in a civil action or proceeding, a statement made by a declarant, while believing that his or her death was imminent, concerning the cause or circumstances of what the declarant believed to be his or her impending death.

(3) Statement against interest.   A statement that was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true.   A statement tending to expose the declarant to criminal liability, whether offered to exculpate or inculpate the accused, is not admissible unless corroborating circumstances clearly indicate the truthworthiness of the statement.

(4) Statement of personal or family history.   (a) A statement concerning the declarant's own birth, adoption, marriage, divorce, legitimacy, relationship by blood, adoption, or marriage, ancestry, or other similar fact of personal or family history, even though the declarant had no means of acquiring personal knowledge of the matter stated; or (b) a statement concerning the foregoing matters, and death also, of another person, if the declarant was related to the other by blood, adoption, or marriage or was so intimately associated with the other's family as to be likely to have accurate information concerning the matter declared.

(5) Statement by a deceased or incompetent person.   The statement was made by a decedent or a mentally incompetent person, where all of the following apply:

(a) the estate or personal representative of the decedent's estate or the guardian or trustee of the incompetent person is a party;

(b) the statement was made before the death or the development of the incompetency;

(c) the statement is offered to rebut testimony by an adverse party on a matter within the knowledge of the decedent or incompetent person.
* * * *

{¶ 16} Thus, for an out-of-court statement to be admissible (1) the declarant must be unavailable as a witness as described in Evid.R. 804(A), and (2) the statement must fit one of the situations outlined in Evid.R. 804(B). State v. Williams, 38 Ohio St.3d 346, 349, 528 N.E.2d 910, fn. 6 (1988) ("In Ohio, a statement that would otherwise be excluded as hearsay may be admitted if the declarant is 'unavailable' as defined in Evid.R. 804(A) and the statement falls within one of the five exceptions in Evid.R. 804(B)."). (Emphasis sic); State v. Markovanovich, 9th Dist. Summit No.23572, 2007-Ohio-5676, ¶86; accord State v. Sumlin,   69 Ohio St.3d 105, 108, 630 N.E.2d 681 (1994).   Simply because a declarant is unavailable as a witness does not result in a declarant's out-of-court statement being admissible.   Instead, the statement must fit one of the situations outlined in Evid.R. 804(B) and the declarant must be unavailable.   Both parts of the rule must be satisfied before a trial court may admit an unavailable witness's out-of-court statement under Evid.R. 804.

{¶ 17} In the case at bar, the trial court determined that Detective Emrick's testimony regarding Austin's interview was admissible because Austin was "unavailable."   The court, however, ended its analysis there and did not examine whether Emrick's testimony fell within one of the Evid.R. 804(B) exceptions.   Appellant, however, did not object to the court's failure to consider the second part of the rule and did not argue that the court must also consider Evid.R. 804(B) when deciding whether Detective Emrick's testimony regarding Austin's prior out-of-court statements were admissible.

{¶ 18} Generally, an appellant forfeits the right to challenge an alleged error on appeal if the appellant failed to object to the alleged error at a time when it could have been corrected. State v. Payne, 114 Ohio St.3d 502, 873 N.E.2d 306, 2007–Ohio–4642, ¶23; State v. Awan, 22

Ohio St.3d 120, 489 N.E.2d 277, syllabus (1986); State v. Nguyen, 4th Dist. Athens No. 12CA14,

2013-Ohio-3170, ¶27.   As the court explained in Awan:

> "The general rule is that 'an appellate court will not consider any error which
> counsel for a party complaining of the trial court's judgment could have called but
> did not call to the trial court's attention at a time when such error could have been
> avoided or corrected by the trial court.'"

Id. at 122, quoting State v. Childs, 14 Ohio St.2d 56, 236 N.E.2d 545, paragraph three of the

syllabus (1968).   An appellate court may nevertheless recognize the alleged error if it constitutes

plain error.   State v. Lang, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶108.   Plain

error exists when (1) there is an error, i.e., a deviation from the legal rule, (2) the error is an

obvious defect in the proceedings, and (3) the error affects the defendant's substantial rights.

State v. Barnes, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).   An error affects substantial rights

if the error affected the outcome of the trial.   Id.   Courts ordinarily should take notice of plain

error "with utmost caution, under exceptional circumstances, and only to prevent a manifest

miscarriage of justice."   State v. Gardner, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995,

¶78; State v. Patterson, 4th Dist. Washington No. 05CA16, 2006-Ohio-1902, ¶13.   A reviewing

court should consider noticing plain error only if the error ""'seriously affect[s] the fairness,

integrity or public reputation of judicial proceedings."'"   Barnes, 94 Ohio St.3d at 27, quoting

United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), quoting

United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936).

{¶ 19}  In the case at bar, we believe that the trial court's decision to admit the out-of-court

statements without considering Evid.R. 804(B) satisfies all three prongs of the plain error doctrine:

 (1) an error occurred; (2) the error is obvious; and (3) the error affected appellant's substantial

rights.   The trial court's ruling to admit Austin's out-of-court statements resulted from an erroneous interpretation of Evid.R. 804.   Evid.R. 804 requires that the witness be unavailable <u>and</u> that one of the exceptions outlined in Evid.R. 804(B) applies.   The court, however, determined whether the witness was unavailable.

{¶ 20} As we stated <u>supra</u>, Evid.R. 804(B) specifies the situations when the hearsay rule does not prohibit an unavailable witness's out-of-court statements.   None of those exceptions appear to apply to Austin's statements.   Austin's statements were not former testimony given under oath, were not made under the belief of impending death, were not against his penal or pecuniary interest, were not personal or family history statements, and were not given by a deceased or incompetent person.   Thus, because the trial court failed to consider the Evid.R. 804(B) requirements, the court wrongly determined that Austin's statements were admissible under Evid.R. 804.   Consequently, the first prong of the plain error doctrine applies.   <u>State v. Robb</u>, 88 Ohio St.3d 59, 70-71, 723 N.E.2d 1019 (2000) (determining that witness's statement to law enforcement officer inadmissible under Evid.R. 804(B)); <u>Markovanovich</u> at ¶87 (concluding that witness's taped police interview inadmissible under Evid.R. 804(B)).   We also observe that the state does not attempt to justify the court's decision to admit the evidence under one of the Evid.R. 804(B) exceptions.   Instead, the state's premise appears to be solely that Detective Emrick's testimony is admissible simply because Austin was "unavailable."   This, however, is contrary to Evid.R. 804.   Once again, the rule requires both that the declarant be "unavailable" and that the testimony meets one of the Evid.R. 804(B) exceptions.       Moreover, we believe that this error affected appellant's substantial rights.   Without Detective Emrick's testimony regarding Austin's

statements, the state's evidence consisted of the following: (1) a witness observed a truck backed into a ditch next to a pile of debris; (2) the truck matched the description of a truck later observed on appellant's property; (3) Austin helped appellant load some debris into this same truck; (4) Austin offered to help appellant dispose of the debris; (5) appellant did not want Austin's help disposing of the debris; (6) Austin was evasive during the prosecutor's direct examination; (7) Austin denied that appellant informed Austin that appellant was going to illegally dump the items; and (8) Austin could not to recall any other details of the September 11, 2012 interview.[2]  After our review of the evidence, we are not confident that the jury would have found appellant guilty had it been limited to this evidence and had not heard Detective Emrick's testimony regarding Austin's interview.  While the jury possibly could have convicted appellant, we cannot state that it most likely would have or, in other words, that the error did not affect the outcome of the trial. Although we are hesitant to recognize such a clear error that easily could have been corrected had a proper objection been made, we believe that failing to recognize the error under the plain error doctrine would result in a manifest miscarriage of justice.

{¶ 21} Accordingly, based upon the foregoing reasons, we hereby sustain appellant's first assignment of error.

II

{¶ 22} Our disposition of appellant's first assignment of error renders appellant's second

---

[2]  Appellant did not object at trial to the prosecutor's questioning of Austin and does not raise an argument on appeal regarding the prosecutor's direct examination of Austin.  Thus, we do not consider whether any error occurred during the prosecutor's questioning of Austin, and we may consider the prosecutor's direct examination of Austin when evaluating the evidence.

assignment of error moot.   Thus, we do not address it.   App.R. 12(A)(1)(c).

{¶ 23}  Accordingly, based upon the foregoing reasons, we hereby reverse the trial court's

judgment and remand the matter for further proceedings consistent with this opinion.

JUDGMENT REVERSED AND
CAUSE REMANDED FOR
FURTHER PROCEEDINGS
CONSISTENT WITH THIS
OPINION.

JUDGMENT ENTRY

It is ordered that the judgment be reversed and cause remanded for further proceedings consistent with this opinion.   Appellant shall recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Circleville Municipal Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.